This is a divorce case.
After the conflicting evidence of eight witnesses was heard by the trial court, the final judgment divorced the parties on account of the wife's adultery and granted custody of the two-year-old child of the parties to the father. Two separate motions for a new trial were filed on behalf of the mother on the same date by different attorneys. One motion was never ruled upon; however, only one of the matters mentioned therein, child custody, is made an issue upon this appeal, and such issue was the sole ground of the other motion for a new trial, which motion was denied by the trial court. The wife, through her third attorney, pursues this appeal.
The wife presumes that no hearing was held regarding the motion for a new trial which was overruled by the trial court. However, such presumption on her behalf is not supported by the record. It is neither admitted nor denied in argument that a hearing on the motion was not allowed by the trial court. Steelv. Steel, 402 So.2d 1036 (Ala.Civ.App. 1981) has no application.
The other issue raised in this court concerns the child custody award to the father. The tender years presumption has been declared to be an unconstitutional gender-based classification and a father no longer must "carry the difficult burden of affirmatively proving the unfitness of the mother. . . ." Ex parte Devine, 398 So.2d 686 (Ala. 1981). The present rule is simply that custody of a young child is awarded according to the best interest of the child as disclosed by the particular facts in each case. The ore tenus rule here applies and a conscientious review and study of the trial testimony is not convincing that the trial court either abused its discretion or was palpably wrong and unjust in awarding the child's custody to the father. The evidence conflicted in many particulars, and there was competent evidence upon which the trial court could validly determine that, at the present time, it is to the best interest of the child that she be in her father's general care, custody and control. Hall v. Hall,421 So.2d 1270 (Ala.Civ.App. 1982); Taylor v. Taylor, 359 So.2d 395
(Ala.Civ.App. 1978). Therefore, we are required to affirm the judgment of the trial court. *Page 1311 
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.