This is a divorce case.
The parties were divorced after six years of marriage. One child, Lauren, was born of the marriage. The child was six years old at the time of the divorce. This was the second marriage of the husband and the fourth marriage of the wife. The wife has one other child from a previous marriage. Each of the parties was employed at the time of the marriage and each has continued to work throughout the term of the marriage. The husband has a college education and has worked in the outdoor advertising business for fourteen years. At the time of the final hearing, he was employed by Jennings Outdoor, a corporation of which he owned eighty percent of the capital stock. His income is in excess of $65,000 annually. The wife is a registered nurse who has held a number of supervisory positions over the years, both in public and private health care. She earns approximately $20,000 a year. The parties maintained separate bank accounts throughout the marriage.
The parties separated in 1984. There was evidence that prior to the separation, the wife frequented night clubs and at times was too intoxicated to drive home. She also began staying at the office after work, to play cards and have a drink with her employer, Dr. Richard Harris. Dr. Harris and the wife met frequently at night clubs. On these occasions they drank, socialized and danced together. While the wife was at the night clubs, the husband was home with the children. Prior to the separation the wife admitted to the husband that she was in love with Dr. Harris. She asked him to leave home so that she could choose between the two of them. The husband left the home shortly after this confession. The husband attempted to reconcile with his wife, but the wife was not interested in a reconciliation. After the parties separated, Dr. Harris began to come to the wife's house after work and they began to date.
The husband filed suit for divorce in 1984, alleging adultery. The wife answered and counterclaimed for divorce alleging adultery and incompatability of temperament. The court rendered a final decree of divorce on the ground of incompatability of temperament. The court divided the assets accumulated during the marriage thusly: The wife received $41,000 as alimony in gross; the family home valued at $143,000; a 1983 Datsun 280ZX; a retirement account valued at $6,000; a town house valued at $71,000; jewelry valued at $20,000; the furniture and furnishings of the parties; and furs valued at $5,600. The husband received bank accounts totaling $37,000; $2,280 in stocks; limited partnership interests in Allentown Ltd., Norfolk, Ltd. and NHP Pavillion (combined value of over $287,000); real estate valued at $86,000; a truck, a 1985 Cadillac and a 1983 Plymouth Colt; notes receivable of over $272,000 and $77,000; and a personal loan of $59,000. Certain of the properties awarded to each carried some indebtedness. Custody of the child was awarded to the father.
The wife moved for a new trial, or, in the alternative, moved to alter, amend or vacate the decree. The court amended the decree to include a finding that the custody award would materially promote the best *Page 12 
interest of the child. The wife's motion was reassigned to the amended decree and was denied by the court. The wife appeals from that judgment.
There are three issues presented on appeal: (1) whether the court erred when it awarded custody of the parties' minor child to the husband; (2) whether the court failed to make an equitable division of the property acquired during the marriage; and (3) whether the court considered racial biases and social pressures when it awarded custody of the minor child to the husband.
When the evidence in a child custody case is presented ore tenus, the judgment of the trial court is presumed to be correct, and will not be reversed on appeal unless the judgment is found to be plainly and palpably wrong. Thompson v.Thompson, 431 So.2d 1310 (Ala.Civ.App. 1983); Cory v. Cory,429 So.2d 1096 (Ala.Civ.App. 1983). If the evidence is conflicting, every presumption is indulged in favor of the court's findings of fact. Thomas v. Davis, 410 So.2d 889 (Ala. 1982). The controlling consideration in a child custody case is the best interest and welfare of the child. Taylor v. Taylor,387 So.2d 849 (Ala.Civ.App. 1980).
Both parties presented evidence that they loved and enjoyed a good relationship with the child. The husband testified that his work schedule is flexible and that he can set his own hours so that he can spend time with the child. He stated that his mother would live with him and would assist him in the daily care of the child. The record reveals that the wife's employer has gone to her house after work many times since the separation. The wife has taken the minor children on trips with the doctor to his parents' home on several occasions. She has taken the children with him to Florida, where she slept with Dr. Harris and the children slept in an adjoining room. The wife admitted that the doctor swam in the parties' pool following the separation and that meals have been fixed by the doctor at the wife's home. The wife testified that she would continue to follow the same lifestyle in the future. The court stated in its decree:
 "[T]he parties' minor child's sensibilities and moral development have been substantially ignored by the wife in the wife's pursuit of her relationship with Dr. Harris. This court has concluded that the apparent moral misconduct of the mother is such as would have a direct bearing on the welfare of the parties' child. The wife, to this court has demonstrated more interest in personal pleasure rather than the level of concern for the child as shown by the husband."
Though the conduct of the husband has been far from exemplary, there was competent evidence from which the court could determine that it is in the best interests of the child that she be in the father's care and custody.
The division of property in a divorce case is a matter which falls within the discretion of the trial court, and will not be reversed except for a plain and palpable abuse of that discretion. Isham v. Isham, 464 So.2d 109 (Ala.Civ.App. 1985). The division of property does not have to be equal, but must be equitable under the circumstances of the case. Johnson v.Johnson, 446 So.2d 622 (Ala.Civ.App. 1983). A proper consideration for the court in dividing property is the fault of the parties. Faught v. Faught, 423 So.2d 242 (Ala.Civ.App. 1982).
The evidence shows that the husband entered the marriage with a stock option which he exercised a year after the parties married. He bought two thousand shares of stock with the stock option and purchased an additional four thousand shares from one of the company's primary investors. He sold the stock in 1983 for a total sales price of $1,090,000. The court found that most of the assets of the marriage had been acquired after the sale of stock in 1983 and had largely been acquired as a result of the husband's efforts. The court stated that it found credible evidence that the wife did not contribute directly or indirectly for the options or stock when purchased. After a careful consideration of *Page 13 
the evidence, including the wife's employment skills, the length of the marriage, the method by which the assets were acquired, and the fault of the parties, we conclude that the court did not abuse its discretion in the division of property.
It is true that private biases and social pressures are impermissible considerations for removal of a child from the custody of a parent. See Palmore v. Sidoti, 466 U.S. 429,104 S.Ct. 1879, 80 L.Ed.2d 421 (1984). The court became aware that the wife was dating a man of another race as a result of the cross-examination of the husband by the wife's attorney. The court acknowledged in its decree that it would be inappropriate and beyond the bounds of the court's discretion to permit racial differences to control an award of custody. The court stated, "Neither racial prejudices nor social considerations have been proved nor has any such consideration had any bearing on this decree." The court correctly concluded that the child should be in the custody of the husband, based upon evidence as to the best interest of the child.
The judgment of the trial court is due to be affirmed.
The wife's request for attorney fees on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.