1784

Katherine Jones Smith PETERSON, Respondent v. James David SMITH, Appellant.

(415 S.E. (2d) 431)

Court of Appeals

---

*O.W. Bannister, Jr.*, of *Hill, Wyatt & Bannister*, Greenville, *for appellant.*

*C. Dixon Lee, III*, of *McLaren & Lee*, Columbia, *for respondent.*

Heard Feb. 12, 1992.

Decided March 9, 1992.

*Per Curiam:*

Plaintiff-Respondent Katherine Jones Smith Peterson (Mother) brought this action against the Defendant-Appellant James David Smith (Father) asking for increased support for her mentally retarded twenty-year-old daughter, for recovery of medical expenses and health insurance premiums and for attorney fees. The family court judge granted substantially all of the relief sought. The Father appeals. We affirm.

## FACTS

The Father and Mother, formerly husband and wife, were married in 1962 and divorced in 1974. During the course of the marriage there was born two children, William Marshall Smith in 1965 and Mary Elizabeth Smith in 1969, both are mentally retarded. The Father has custody of the son; the Mother has custody of the daughter.

The decree of divorce provided that the Father would pay $400 per month for the support of Mary Elizabeth, would provide health and medical insurance benefits and would pay all health and dental expenses not covered by insurance. The decree also provided that "[i]t is further agreed and understood

between the parties that the support payments for the children as hereinabove provided shall continue until such time as the children are declared fully competent and are able to provide for themselves. . . ."

The Father practices medicine in Greenville, South Carolina and the Mother, formerly a resident of York County, now resides with her new husband in the state of Maine. It is undisputed that Mary Elizabeth is entitled to support beyond eighteen years of age (South Carolina Code Annotated § 20-7-420(17) (1976) as amended) since she is a child with disabilities. Her I.Q. is in the forties; she has the mentality of a six-year-old child and an adaptive age of 11.6 years.

The trial judge found as a fact, which is not appealed, that the Father earns between $225,000 and $250,000 annually plus benefits. His income is now approximately ten times higher than it was at the time the parties agreed that the Father should pay $400 per month. He has by consent recently been paying $450 per month.

The Mother is currently unemployed and unemployable for health reasons. She suffers from chronic pulmonary disease, asthma and emphysema. She is responsible for Mary Elizabeth's care.

The family court judge ordered that support for the daughter of these parties be increased to $1,500 per month, that the Father continue to provide health insurance and to pay all noncovered health and dental expenses as required by the divorce decree, that he periodically provide proof of insurance coverage and that he pay a portion of the Mother's attorney fees and costs in the amount of $3,082.82.

## ISSUES

The Father alleges error on the part of the trial judge in several particulars:

I. In considering the South Carolina child support guidelines as a basis for increasing the support of the twenty-year-old retarded daughter.

II. In finding a change of circumstances warranting the modification of an existing order.

III. In increasing support money inconsistent with the original decree and contract.

IV. In abusing his discretion by increasing support payments from $400 per month to $1,500 per month.

V. In abusing his discretion by awarding the Mother two-thirds of her attorney fees and costs.

Child support awards are subject to the continuing review of the family court and may be modified upon a showing of a substantial change of circumstances. *Marshall v. Marshall*, 282 S.C. 336, 318 S.E. (2d) 133 (Ct. App. 1984).

In 1990 the Legislature amended the Children's Code, § 20-7-852(B) to provide that the "application of these guidelines to an existing child support order, in and of itself, is not considered a change in circumstances for the modification of that existing order."

Counsel argues that the support guidelines used as a basis of increasing Mary Elizabeth's support should not be applied for children receiving support after the eighteenth birthday. Neither the Supreme Court nor this Court has had occasion to rule upon this issue, but we find no logical reason why the guidelines should not apply to such a disabled child. We find no error.

Independent of our determination of this issue we find that there is a substantial change of circumstances. Accordingly, even if the guidelines should not be applied, the judge was still within his discretion in awarding $1,500 per month. When the $400 per month was agreed to and ordered by the court in 1974, Mary Elizabeth was four-years-old. At the time of the order here, she was twenty. More supervision is required. In his order the trial judge pointed out those additional expenses necessary fora twenty-year-old adult as compared with a four-year-old child. In addition, the Father at the time of the $400 agreement was drawing Army pay. Today he is enjoying a highly lucrative practice of medicine.

The awarding of attorney fees and costs are largely within the discretion of the trial judge. Services warranting the amount allowed are well documented in the record and were found reasonable by the judge. We find no abuse of discretion.

For reasons stated above, the order of the trial judge is

Affirmed.