This is a divorce case.
James E. Martin (husband) and Beulah E. Martin (wife) were married in December 1963. The husband filed for divorce in February 1991, alleging irreconcilable differences, incompatibility, and adultery. The wife's answer and counterclaim denied the adultery allegations; however, she later admitted to having an adulterous affair.
Following ore tenus proceedings, the trial court divorced the parties in August 1991. Inter alia, the trial court ordered joint custody of the children, with the wife having primary custody; awarded the parties' marital home to the wife, with the husband ordered *Page 1169 
to make mortgage payments; and assessed the husband $685 per month for child support. The husband appeals.
The husband contends on appeal that: 1) the trial court failed to consider the wife's adultery; 2) the trial court erred in failing to award custody of the children to the husband; 3) the trial court erred in the amount of the child support obligation; 4) the trial court erred in its division of property; and 5) the trial court erred in failing to hear all of the offered testimony.
The husband first contends that the trial court failed to consider the wife's adultery and he urges this court to reverse the judgment for failure to make a finding of adultery. He seems to argue that it was error for the trial court not to grant the divorce on the grounds of adultery, and that the wife's adultery was not reflected in other aspects of the judgment, i.e., custody, property division, etc. "A trial judge does not have to grant a divorce on the grounds of adultery or to divide the property in light of one party's adulteryunless the failure to do so would be palpably wrong in light of extensive evidence of adultery." Ex parte O'Daniel,515 So.2d 1250, 1253 (Ala. 1987) (emphasis added). We are not convinced that the trial court disregarded testimony regarding the wife's conduct. The record reveals statements made by the trial court regarding the wife's conduct, and the judgment did not award the wife periodic alimony or an attorney's fee. We cannot say that the trial court's failure to specify adultery as grounds for the divorce is palpably wrong in light of the evidence in the record.
The husband next argues that the trial court erred in awarding custody of the children to the wife. Child custody determination is a matter that rests within the sound discretion of the trial court. Sayles v. Sayles, 495 So.2d 1131
(Ala.Civ.App. 1986). When testimony is presented ore tenus, there is a strong presumption that the trial court's ruling regarding child custody is correct. Turquitt v. Turquitt,506 So.2d 1014 (Ala.Civ.App. 1987). The controlling considerations in child custody cases are the welfare and best interests of the children. Shepherd v. Shepherd, 531 So.2d 668
(Ala.Civ.App. 1988).
The record reveals that the parties have three children; however, of the two children who are factors in this case, only one is a minor. The parties' daughter, who was 26 years old at the time of the divorce, is severely handicapped and developmentally disabled, requiring full-time care. The husband argues that the wife should not have been awarded primary custody of the children because of the wife's adultery. While a party's adulterous conduct can be a factor in the trial court's determination regarding custody, a parent will not be denied custody for every act of indiscretion. Murphree v.Murphree, 579 So.2d 634 (Ala.Civ.App. 1991). Other factors a trial court may consider in making a custody determination may include "the age and sex of the children; their emotional, social, moral, material, and educational needs; and the characteristics of the parents seeking custody, including their age, character, stability, mental and physical health, and their respective home environments." Elmore v. Elmore,586 So.2d 935, 936 (Ala.Civ.App. 1991). The record reveals that the trial court properly considered many factors. No legal purpose would be served to detail the specifics of this case. After careful review, we find no abuse of discretion by the trial court in awarding custody to the wife, and therefore, we will not disturb that determination.
The husband's next contention is that the trial court erred in its award of child support. The issues concerning the division of property, alimony, and child support are committed to the discretion of the trial court, and its judgment will not be reversed absent a showing that the trial court has abused its discretion or that its determination is plainly wrong.Peck v. Peck, 581 So.2d 1119 (Ala.Civ.App. 1991). The husband cites Boatfield v. Boatfield, 570 So.2d 1250
(Ala.Civ.App. 1990), to support his argument that the trial court should have lowered his monthly support payments by the amount of the daughter's monthly Social Security benefit. Boatfield is distinguishable from the case at bar because in Boatfield this court was not provided an adequate record for review, and, *Page 1170 
therefore, we affirmed the trial court's judgment.
In the instant case, the record reveals that the trial court considered many factors prior to setting the child support obligation. The trial court considers the ability of the parent to pay for the present needs of the child. Morrison v.Kirkland, 567 So.2d 363 (Ala.Civ.App. 1990). The trial court utilized the information provided by the guideline forms in making its determination regarding the amount of the child support obligation. The husband does not challenge being ordered to pay support for his permanently disabled adult daughter, nor does he challenge the use of the guidelines of Rule 32, Ala.R.Jud.Admin., to establish the amount of child support ordered. He challenges the total amount of the child support awarded for the two children as "inequitable" and "a tremendous financial burden."
A trial court can require post-minority support for a disabled child who is incapable of self-support. Ex parteBrewington, 445 So.2d 294 (Ala. 1983). This post-minority support can be ordered regardless of the age of the disabled child at the time of the divorce and the amount of that support is determined after giving consideration to the child's needs, the child's income through Social Security or other similar sources, and the parent's ability to respond to the child's needs. Martin v. Martin, 494 So.2d 97 (Ala.Civ.App. 1986). In requiring consideration of a child's expenses to attend college, this court has held that "the child support guidelines for a minor child are not applicable to the determination of an amount for providing or contributing to college expenses after the child reaches majority." Thrasher v. Wilburn,574 So.2d 839, 841-42 (Ala.Civ.App. 1990). No such determination has been made regarding the application of the guidelines to disabled adult children, nor is such determination necessary in the instant case. Here, the trial court had ample financial information provided by the parties from which to make its determination. We find no abuse in the amount of child support determined by the trial court.
Likewise, we affirm the trial court's division of property. Property division incident to divorce need not be equal, but must be equitable in light of the evidence. Hinson v. Hinson,581 So.2d 1123 (Ala.Civ.App. 1991). There are no fixed standards for a trial court to use in determining an equitable property division; rather, each case must be viewed according to its own peculiar facts and circumstances. Peck, supra. Under the circumstances of this case, we find that the trial court's division of property was not inequitable.
The husband last argues that the trial court erred when it failed to hear all the offered testimony before reaching its decision. The videotaped record of the trial reveals that following the testimony of the two parties, the trial judge met with the attorneys in his chambers. The husband, in his brief, alleges that the trial court informed the parties in camera that it had already reached a decision, and that testimony from additional witnesses was unnecessary. The events transpiring in camera are not a part of the record. We are bound by the record and cannot consider any evidence or assertion dehors the record. Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App. 1982). Further, an assertion in a party's brief cannot be taken to supplement the record. Hinds, supra. Any errors allegedly committed by the trial court must be demonstrated by the record on appeal, and if the record does not disclose the facts upon which the alleged error is predicated, we will not consider that issue. Teng v. Diners Club, Inc., 424 So.2d 629
(Ala.Civ.App. 1982).
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed. The wife's request for this court to impose sanctions upon the husband's attorney is denied. The requests for attorneys' fees by both parties are denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur. *Page 1171