Today, the court answers the question left open in Martin v.Martin, 623 So.2d 1167 (Ala.Civ.App. 1993). In that case, the trial court applied the guidelines to the support of an adult disabled child. However, this court found it unnecessary to determine the propriety of that action because the father did not challenge the trial court's use of the guidelines.
The few decisions from other jurisdictions considering the question indicate that there is a split of authority on whether compulsory child support guidelines apply to adult dependent children. Compare O'Connor v. O'Connor, 71 Ohio App.3d 541,594 N.E.2d 1081 (1991) and Peterson v. Smith, 307 S.C. 418,415 S.E.2d 431 (1992) (holding that the guidelines do apply) withIn re Marriage of Hansen, 514 N.W.2d 109 (Iowa App. 1994) (holding that the guidelines do not apply). I agree with the majority of this court that the child support guidelines set out in Rule 32, Ala.R.Jud.Admin., apply in cases involving adult dependent children, but not for the reasons stated by the majority.
The majority determines, first, that the guidelines cover adult disabled children because the plain language of Rule 32 does not expressly exclude them. The plain language of Rule 32 does not expressly exclude post-minority-age college students either, yet this court has held that the guidelines do not apply in determining Bayliss support. Finley v. Finley,648 So.2d 588, 590 (Ala.Civ.App. 1994); Martin v. Martin,623 So.2d 1167, 1170 (Ala.Civ.App. 1993); Thrasher v. Wilburn,574 So.2d 839, 841-42 (Ala.Civ.App. 1990).
Nevertheless, I think the guidelines apply to adult disabled children because the needs of disabled adults are more similar to the needs of minor children than they are to the needs of nondisabled college students. The expenses of providing food, clothing, care, and shelter for an adult dependent child are more closely reflected by the assumptions underlying the guidelines than are the expenses of providing a college education. Moreover, to paraphrase Judge Wright, writing for this court in Thrasher v. Wilburn, supra, the duty of a parent to provide food and shelter to a disabled child unable to support himself is of greater magnitude than the duty to provide a college education for a nondisabled child. Finally, to the extent that the guidelines do not reflect the true expenses of caring for an adult disabled child, the trial court has the authority to deviate from the guidelines.
Next, the majority finds that "applying the child support guidelines to adult disabled children is consistent with the law of this state before the adoption of the guidelines because, at that time, similar factors were used to determine child support for both minor children and adult disabled children." I disagree.
Prior to the adoption of the guidelines, the amount of child support for an adult dependent child was based on three criteria, namely: (1) the child's needs, (2) the financial ability of the parents to pay, and (3) the child's "income through Social Security or other similar sources." SeeMartin v. Martin, 494 So.2d at 100. Under the guidelines, *Page 269 
however, a disabled adult's Supplemental Security Income ("SSI") payments are not considered as income. See Rule 32(B)(2)(b). For the following reasons, I agree with the policy of excluding SSI payments in determining the amount of child support owed for a disabled adult child.
 "[SSI] is a social security program providing benefits to aged, blind and disabled individuals who have income and resources below certain statutory amounts. It is in the nature of a welfare program. . . . The purpose of [SSI] is to assure recipients' income is maintained at a level viewed by Congress as the minimum necessary for the subsistence of that individual. . . .
 "Clearly [SSI] is a public assistance similar to aid to dependent families.
". . . .
 "Like aid to dependent families, [SSI] is based on need and anticipates that it will only come into play if minor children do not have sufficient support from their parents. We will not structure child support so as to make families eligible for either program. Eligibility for these programs should be determined after the courts have fixed reasonable child support based on the noncustodial parent's ability to pay."
In re Marriage of Benson, 495 N.W.2d 777, 781, 782 (Iowa App. 1992) (emphasis added) (citations omitted).
On remand, I believe the trial court may either reduce the husband's child support obligation to the guideline amount or order a different amount as long as it states the reasons for deviating from the guidelines.
THIGPEN, J., concurs.