On September 12, 1995, Linda Marie Maddox (the wife) filed a complaint in the Cullman County Circuit Court, seeking a divorce from Dennie Devon Maddox (the husband) on the grounds of incompatibility of temperament and an irretrievable breakdown of the marriage. The parties were married in 1970 and had reared three children during the marriage. When the wife filed her complaint, *Page 344 
the children were ages 18, 19, and 23 years.
In April 1996, after hearing the arguments of the parties, the trial court entered a judgment of divorce. The divorce judgment awarded custody of the parties' minor child to the husband; equitably divided the marital assets; and equally divided the debts incurred during the marriage. Additionally, Paragraph 8 of the judgment stated:
 "Upon the [husband's] reaching retirement age and receiving retirement benefits from Conoco [his former employer], the [wife] shall be entitled to and shall receive from the [husband] one fourth (1/4) of each and every retirement check. The court specifically denies the [wife's] request for periodic alimony but does instead allow her to retain any and all funds that she may have received from settlement of the claim [based on injuries she received in] the automobile accident . . . in 1989 and the lump sum disability payment she received from Social Security in November, 1992."
The trial court denied the wife's motion to alter, amend, or vacate the judgment.
The wife appeals, raising two issues: (1) whether the trial court abused its discretion by not awarding her periodic alimony; and (2) whether the trial court abused its discretion in dividing the husband's retirement benefits.
A trial court's determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036
(Ala.Civ.App. 1993). Moreover, issues of alimony and property division must be considered together, and the trial court's judgment will not be disturbed absent a finding that it is unsupported by the evidence so as to amount to an abuse of discretion. Id. Some factors that the trial court should consider in dividing marital property and setting alimony payments include "(1) the earning ability of the parties; (2) their probable future prospects; (3) their age, sex, health and station in life; (4) the duration of the marriage; and (5) the conduct of the parties with reference to the cause of the divorce." Echols v. Echols, 459 So.2d 910, 911-12
(Ala.Civ.App. 1984).
The record reveals the following facts pertinent to this appeal. The husband is 45 years old and works as a truck driver for Centennial Transportation. His gross income in 1995 was $34,700. The wife worked at numerous jobs during the marriage as an unskilled laborer. The wife testified that she has been "totally disabled" since 1989 as a result of back and neck injuries she sustained in an automobile accident. She also testified that she has ulcers, a hernia, heart and blood pressure problems, and thyroid problems. The wife receives $357 per month in Social Security benefits, and she pays $200 per month for medicine and $395 per month for rent.
The wife received $10,400 in July 1995 as a result of litigation related to the 1989 automobile accident. In 1993, the wife received "a little over $7,000" in back pay for Social Security benefits. The moneys the wife received from the litigation and Social Security were deposited into the wife's separate checking account. She testified that part of those funds had been used to buy "things" for the husband and the children and to pay off the debt on two and one-half acres of real property purchased by the parties during the marriage.
The wife contends that the trial court erred by not awarding her periodic alimony because, she says, she is unable to support herself on her present income. When a trial court does not award periodic alimony in the divorce judgment or does not reserve the right to do so upon future consideration, its power to award alimony is permanently lost. Chambliss v. Chambliss,587 So.2d 406 (Ala.Civ.App. 1991); Grimsley v. Grimsley,545 So.2d 75 (Ala.Civ.App. 1989). In light of the disparity in the parties' incomes and earning potentials, as well as the wife's disability, we conclude that the trial court abused its discretion by failing to reserve the right to award the wife periodic alimony in the future. We reverse the divorce judgment and remand this cause for the trial court to reserve the right to award periodic alimony to the wife in the future.
The wife also contends that the trial court abused its discretion by awarding her *Page 345 
only one-fourth of the husband's retirement benefits and by ordering that her portion of the benefits be paid monthly upon the husband's retirement, rather than in a lump sum based on the value of the benefits at the time of the divorce.
"[P]roperty divisions are not required to be equal, but must be equitable in light of the evidence, and the determination as to what is equitable rests within the sound discretion of the trial court." Duckett v. Duckett 669 So.2d 195, 197
(Ala.Civ.App. 1995). "A trial court may consider retirement accounts and benefits in making its determinations regarding alimony and the property division; however, there is no requirement that those assets be divided. Ex Parte Vaughn, 634 So.2d 533 (Ala. 1993). See also Fowler v. Fowler, 636 So.2d 433 (Ala.Civ.App. 1994); and Landers v. Landers, 631 So.2d 1043 (Ala.Civ.App. 1993)." Treusdell v. Treusdell, 671 So.2d 699, 704
(Ala.Civ.App. 1995).
After reviewing the record, we conclude that the trial court did not abuse its discretion in dividing the husband's retirement benefits and in directing that the wife receive her portion of the benefits monthly upon the husband's retirement.Duckett, supra.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, and CRAWLEY, JJ., concur.