Stuart Craig Sockwell (hereinafter "the husband") appeals from a divorce judgment. He contends that the trial court improperly denied his motion to recuse and his motion to "reconsider" its order denying an earlier motion to alter, amend, or vacate its judgment. Specifically, he argues that in regard to the divorce judgment the trial judge erred in four ways:
 (1) By determining under the tender-years doctrine that custody of the Sockwells' three minor children should be awarded to his wife, Rosemary Sockwell (hereinafter "the wife");
 (2) by failing to recuse himself because of an alleged bias that a child under the age of seven years should always be entrusted to his mother's care;
 (3) by requiring the husband to liquidate his retirement account; and,
 (4) by failing to base the divorce judgment on the grounds of adultery.
Our review of the record indicates that the trial court erred only in regard to its requirement that the husband liquidate the assets of his retirement account. Thus, we affirm in part, reverse in part, and remand.
 I.
First, the husband contends that the trial court determined, under the "tender-years doctrine," that custody of the Sockwells' three minor children should be awarded to the wife and that in doing so the court erred. Specifically, he argues that the trial court erred in denying his motion to alter, amend, or vacate the custody provision because, as he says, in making its determination it improperly employed the tender-years doctrine instead of considering the factors set out in Ex parte Devine,398 So.2d 686 (Ala. 1981), and that a proper analysis of the Devine
factors would have resulted in a determination that custody should be awarded to him.
The parties were married in 1981, and they have three minor children: S.S. (age 15), D.S. (age 13), and F.S. (age 5). Although they were awarded joint custody of the children, primary physical custody was awarded to the wife. The final judgment gives no details as to the reasons for the court's decision other than to state that the court had heard ore tenus testimony and that exhibits were received into evidence. The husband moved to alter, amend, or vacate that judgment and moved to reopen the case for additional testimony. According to information contained in an affidavit provided by the husband's trial counsel, during the hearing held on those motions, the trial judge admitted, in front of trial counsel for both parties and a trial-court employee, that he understood that D.S. and F.S. wanted their father to have primary custody of them and further admitted that he, being "old fashioned," was of the opinion that a "five-year-old boy [F.S.] needs his mother" and that he "was not going to split up the children." The husband's trial counsel further stated in his affidavit that he did not press the issue at that time because he thought the testimony that would be presented during the hearing would show that custody of the children should be awarded to the husband; nevertheless, the trial court eventually denied the husband's motion to alter, amend, or vacate that portion of its judgment awarding primary physical custody to the wife.
In child-custody cases, there is a strong presumption in favor of the findings of the trial court; in a case in which the court has heard ore tenus evidence and has based its judgment on that evidence, the judgment is presumed correct and will be reversed on appeal only if found to be plainly and palpably wrong. See *Page 1222 Cokely v. Cokely, 469 So.2d 635, 637 (Ala.Civ.App. 1985), citing Cory v.Cory, 429 So.2d 1096 (Ala.Civ.App. 1983). The facts of this case are similar to those in Cokely, in which this Court stated:
 "Finally, we address the father's contention that the trial court erred by applying the `tender years' presumption when it considered the custody issue. The `tender years' presumption, which presumed that, in [the] absence of evidence to the contrary, the natural mother is the proper person with whom custody should be placed when the children are of `tender years,' has been abolished in Alabama. Ex parte Devine, 398 So.2d 686
(Ala. 1981). The father no longer has to `carry the difficult burden of affirmatively proving the unfitness of the mother.' Ex parte Devine, supra. Now, the `rule is simply that custody of a young child is awarded according to the best interest of the child as disclosed by the particular facts in each case.' Thompson v. Thompson, 431 So.2d 1310 (Ala.Civ.App. 1983).
 "The precise language used by the trial court to which the husband attributes error is as follows:
 "`Maybe I'm a little old-fashioned in this liberated society that we hear so much about, you would be led to believe by some people that there is no difference, but I still think that in most cases that the young and tender-aged children are better off with the mother if the mother provides and loves and cares and [gives] the leadership that the children deserve.'
 "Standing alone, this language borders on evidencing an improper application of the now prohibited `tender years' doctrine. However, when read in its entirety, the trial court's final order clearly evidences that the trial court did not base its decision on the age of the children alone, but rather considered those interests which are to be paramount in a child custody determination:
 "`Regardless of the character of the defendant and regardless of the character of the [plaintiff] in this case, it all gets down to the point which this Court considers in the overall situation: What is the best interest and welfare of the children?'
 "Ex parte Devine does not prohibit the trial court from considering the age of the children. It prohibits the consideration of a presumption in favor of the mother's custody based upon the age of the children. Ex parte Devine, supra. The age of the children is now one factor in a long list which is to be considered by the trial court in awarding custody. Ex parte Devine, supra. While considering those factors, such as the capacity to meet emotional, moral, material needs, etc., the primary duty of the trial court, based upon the facts presented in each case, is to award custody `according to the best interests of the child.' From the evidence and testimony in this case, we cannot find that the trial court failed to do that here."
469 So.2d at 638 (last emphasis added.) In regard to what quantum of evidence is sufficient to support the trial court's award of custody, this Court stated, in Speakman v. Speakman, 627 So.2d 963 (Ala.Civ.App. 1993):
 "The trial court in the present case heard testimony on each of [the Murph v. Murph, 570 So.2d 692, 693
(Ala.Civ.App. 1990)] factors [i.e., the age and sex of the child; the child's emotional, social, moral, material, and educational needs; the respective home environments offered by the parties; the age, character, stability, and mental and physical health of those seeking custody; the capacity of each parent to provide for the needs of *Page 1223 
 the child; and the relationship of the child to each parent] and was in the best position to observe the demeanor and sincerity of the parties. Where evidence is presented ore tenus, the decision to award custody is left to the discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Ex parte Walters, 580 So.2d 1352 (Ala. 1991).
 "A thorough review of the record makes it clear that both parents love the child and would be fit to have custody of the child. Additionally, both parents demonstrated they would be willing and able to care for the child's needs. In such a situation, `the trial court would not have been in error regardless of [which parent] was awarded custody of the child.' Hall v. Hall, 571 So.2d 1176, 1178 (Ala.Civ.App. 1990) (citation omitted). While the trial court's order does not specifically state the standard used in awarding custody of the minor child to the mother, this court finds that it had sufficient evidence to support its determination."
627 So.2d at 964 (emphasis added.)
Our "thorough review of the record" indicates this case is likeSpeakman — both the husband and the wife love the children and both have demonstrated a willingness and an ability to properly care for them. As would be expected in any divorce or custody case, the court heard positive and negative testimony in regard to both parents. In summary, the record indicates the wife is a realtor and, although she testified that she was the primary caretaker for the children, she admitted that when she was sick with breast cancer and was undergoing debilitating chemotherapy and radiation treatments she depended on the husband to care for the children. The wife stated that since their divorce, the husband has assumed an extremely active role in caring for the children.
The wife accused the husband of taking out loans that she was not aware of and of running up the family debt. She also accused him of drinking excessively and told the trial court that on one occasion the husband had locked himself in a room, pointed a shotgun at the wife, then pointed it into his mouth and threatened to commit suicide. However, the wife also admitted that as far as she knows, the husband has since stopped drinking. The wife stated that before they had children the husband had booked bets in their home, and she accused him of having had an improper relationship with a female coworker.
The husband holds a graduate-level degree and is employed as a teacher at a local community college. He explained to the trial court that the debts he had incurred were because of normal expenditures, such as those for the children's private-school education. He also explained that in regard to the incident with the shotgun, he never meant to kill anybody; rather, he said, he wanted to scare the wife and express to her his frustrations over their lack of a sex life. The husband denied that he was ever involved in a booking operation or was ever involved in an improper relationship with a coworker. He did admit to hiring an investigative service to have the wife followed and to installing a "caller ID" device on the telephone in the house in order to monitor calls, but he denied that he was obsessing over the wife. The husband testified that he has always played a major role in the children's lives and that that role has increased since the divorce.
The husband accused the wife of adultery with a man named Tony Smith and with an exchange student who was living with Smith. The wife admitted having an affair with Smith after she and the husband *Page 1224 
had separated. She accused the husband of harassing her and Smith by recording their private conversations on the telephone, by defacing her Bible, breaking into Smith's house, poisoning Smith's dogs, and untying Smith's "waverunner" (an apparent reference to a small recreational watercraft).
A family counselor who evaluated the three children testified that S.S. has a closer relationship with the wife than with the husband, but that D.S. and F.S. have a closer relationship with the husband. During the hearing on the husband's motion to alter, amend, or vacate the trial court's judgment, the family counselor testified that S.S. expressed to her a desire for his parents to have joint custody, with the majority of the time being granted to his mother. She stated that D.S. also told her that he wanted his parents to have joint custody, but with the majority of the time granted instead to his father. The family counselor testified that F.S. indicated to her that he was happier with his father. In conclusion, she said she recommended joint custody of all children, but, if pressed to make a decision in favor of only one parent, she would recommend that primary custody be granted to the husband (since two of the children favored him over the wife), if S.S. would agree to that.
Although the comments the trial court is alleged to have made before the husband's counsel and others do not reflect that the court considered any factors other than the children's ages when determining who should have primary physical custody, our review of the record indicates that in making its determination the trial court considered numerous other factors — including age; the children's emotional, social, moral, material, and educational needs; the age, character, stability, and mental and physical health of those seeking custody; the capacity of each parent to provide for the needs of the child; and the relationship of the child to each parent. We conclude that the record does not indicate that the court employed only the age standard of the tender-years doctrine in granting custody to the wife. See Speakman, supra.
Moreover, because the evidence in the record was presented ore tenus and because our examination of the record indicates the court heard both positive and negative testimony regarding both parents, we can not second-guess the trial court's judgment granting the parents joint custody and awarding primary physical custody to the wife. See Cokely, supra; see also Speakman, supra, citing Walters, supra. Thus, we conclude that the record does not show that the trial court abused its discretion in this regard, and we cannot say it erred in denying the husband's motion to alter, amend, or vacate its original judgment.
 II.
Second, the husband contends that the trial judge erred in failing to recuse himself because of bias, a bias he says was demonstrated through remarks made to the husband's trial counsel and others indicating a belief that a child under the age of seven years should always be entrusted to his mother's care.
The wife properly points out in her appellate brief that the husband did not raise the issue of bias until after the trial court had entered the divorce judgment that included the custody order; had denied the husband's motion for a new trial, and — even after granting the husband's motion to reopen the case for further testimony by the family counselor — had denied his motion to alter, amend, or vacate the judgment. The husband made no relevant objection during the second hearing. *Page 1225 
Issues not raised in the trial court cannot be considered for the first time on appeal. See Turquitt v. Turquitt, 506 So.2d 1014, 1017
(Ala.Civ.App. 1987), citing Austin v. Burnett, 473 So.2d 1080
(Ala.Civ.App. 1985).
Furthermore, the motion to recuse, which for the first time mentions the husband's allegations of judicial bias, was not submitted to the trial court until four months after it had entered the divorce. The proper method by which to review whether a recusal is required is by a petition for a writ of mandamus. W.G. v. W.B., 713 So.2d 976, 978
(Ala.Civ.App. 1997), citing Ellison v. Ellison, 628 So.2d 855
(Ala.Civ.App. 1993). However, the denial of a motion to recuse can be properly raised on appeal if the denial of that motion was properly preserved for appeal. W.G., supra, citing Ex parte Crawford, 686 So.2d 196
(Ala. 1996). Because the husband did not petition for a writ of mandamus directing the judge to recuse himself, but rather, raised his objection by filing a motion to recuse after the divorce had been entered, the trial judge properly denied his motion on procedural grounds and this Court is without jurisdiction to entertain this issue.
 III.
Third, the husband contends that the trial court erred in its property division by requiring him to liquidate his retirement account in order to satisfy the debts of the marriage. Specifically, he argues that under the terms of his account with the Teachers' Retirement System ("TRS") and under Alabama statutes, that account is not to be liquidated except upon his retirement from the profession or upon his death, and that if he prematurely liquidates it he would be entitled to receive only five-tenths of the accumulated interest in the account. Thus, he argues that the trial court's judgment, in essence, requires him to quit his job in order to satisfy the property division. The husband testified that he has about $25,983.89 credited to his retirement account, to which he has contributed for three years.
This Court stated in Maddox v. Maddox, 686 So.2d 343 (Ala.Civ.App. 1996):
 "A trial court's determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App. 1993). . . . [T]he trial court's judgment will not be disturbed absent a finding that it is unsupported by the evidence so as to amount to an abuse of discretion. Id."
686 So.2d at 344. Although we stated in Maddox that a trial court may consider retirement accounts and benefits in making an alimony award and in dividing marital property, we emphasized that the law does not require that those assets be divided. See Maddox, 686 So.2d at 345. See also ExParte Vaughn, 634 So.2d 533 (Ala. 1993); Fowler v. Fowler, 636 So.2d 433
(Ala.Civ.App. 1994); Landers v. Landers, 631 So.2d 1043 (Ala.Civ.App. 1993); Treusdell v. Treusdell, 671 So.2d 699, 704 (Ala.Civ.App. 1995).
However that may be as a general proposition, § 16-25-23, Ala. Code 1975, provides that "[t]he right of a person to . . . a retirement allowance [or] to the return of contributions . . . [is] hereby exempt from . . . garnishment, attachment or any other process whatsoever." This provision would apply to persons participating in the TRS. Thus, despite the ore tenus nature of the evidence received on the subject of the husband's assets, the trial court abused its discretion in ordering the husband to liquidate his retirement account in order to satisfy the debts of the marriage. See Maddox, supra, citing *Page 1226 Parrish, supra. Thus, that portion of the judgment requiring the husband to liquidate his TRS retirement account must be reversed and the case remanded for the court to determine how best to divide the assets of the marriage without requiring the husband to liquidate that account.
 IV.
Fourth, the husband contends that the trial court erred in failing to specify adultery on the part of the wife as the grounds for the divorce. Specifically, he argues that the trial court erred in basing the divorce only on the grounds of incompatibility of temperament because, as he says, undisputed evidence indicated that the wife conducted an affair outside the marriage.
The wife testified that she thought that she and the husband were incompatible to the extent that they could no longer live together as a married couple; she sued for a divorce on the grounds of incompatibility. At trial, she admitted having an affair after she and the husband had separated.
In Martin v. Martin, 623 So.2d 1167 (Ala.Civ.App. 1993), this Court was confronted with a similar issue. There, the husband argued that the trial court had erred in not basing the divorce on the grounds of adultery, when the court had heard ore tenus evidence of adultery. He further argued that the trial court had erred in not considering the evidence of his wife's adultery in regard to other aspects of its judgment, such as the property division and the child-custody award. See Martin, 623 So.2d at 1169. In that case, this Court stated that a trial court does not have to base a divorce on the grounds of adultery, or to divide property in light of one party's adultery, unless the failure to do so would be palpably wrong in light of extensive evidence of adultery. See Martin, quoting Ex parte O'Daniel, 515 So.2d 1250, 1253 (Ala. 1987). The record in Martin did not convince this Court that the trial court had disregarded testimony regarding the wife's conduct. The record contained evidence of statements made by the trial court regarding the wife's conduct, and the trial court's judgment did not award the wife periodic alimony or an attorney fee. In light of these facts, this Court could not hold that the trial court's failure to specify adultery as the grounds for the divorce was palpably wrong. See Martin, 623 So.2d at 1169.
The same could be said of this case. Although evidence of the wife's adultery, including her own admission of infidelity, was presented to the trial court, we can not say the trial court erred in failing to consider that evidence or to base the divorce on those grounds. The wife specifically presented to the trial court her request to maintain her residence at the marital home, which held sentimental value to her because it had previously been the home of her parents and was the place where her father had died. Instead, the trial court ordered that the home be sold. Given this provision of the property settlement, we can not say that the trial court abused its discretion in failing to base the divorce on the grounds of adultery. See Martin, supra.
 V.
In conclusion, in light of both the positive and the negative testimony presented ore tenus on behalf of both parents, we conclude that the trial court did not err in denying the husband's motion to alter, amend, or vacate that portion of the judgment granting the parties joint custody of the children with the wife having primary physical custody, because the record indicates that the trial court did not consider only the age of the children when it determined who should have primary custody. *Page 1227 
The husband's contention that the trial judge improperly denied his motion to recuse himself was not properly preserved. Considering the property settlement and the emotional burden placed upon the wife by denying her request to reside in the marital home, a home that previously belonged to her parents and that held great sentimental value to her, we cannot say the trial court did not consider the evidence presented on the subject of the wife's adultery, and we cannot say it abused its discretion in basing the divorce solely on the grounds of incompatibility of temperament. In regard to those three issues, the judgment of the trial court is due to be affirmed.
However, the trial court abused its discretion in requiring the husband to liquidate his retirement account in order to satisfy the debts of the marriage. This judicial mandate violates both the letter and the spirit of § 16-25-14(g)(1). We must reverse that portion of the judgment imposing that requirement and remand this case for the trial court to determine how to effectuate the property division without liquidating this account.
The wife's request for attorney fee is denied. The husband's request to tax the costs of this appeal against the wife is denied. See Rule 35(a), Ala.R.App.P.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
Yates, P.J., and Crawley, Thompson, and Murdock, JJ., concur in the result.