CRAWLEY, Judge.
Rosalind McDermott appeals[1] from an order awarding John Wyly Harrison, the court representative appointed by the probate judge, a fee of $870, based on an hourly rate of $180. Although McDer-mott challenged the reasonableness of the fee charged by Harrison in the probate court, on appeal she urges this court to reverse the judgment awarding fees and order the probate judge to recuse himself from this case because Harrison made a $150 contribution to the probate judge’s campaign. McDermott, in her post-judgment motion, accused the probate judge of bias and impartiality, stating that he had a habit of appointing attorneys who contributed to his campaign as guardians, guardians ad litem, and court representatives. However, McDermott admits that she did not file a motion requesting that the probate judge recuse himself.
We cannot address the argument McDermott makes on appeal — that the probate judge should have recused himself because of the $150 contribution the court-appointed representative Harrison made to his campaign — because McDermott never sought a recusal of the probate judge in the probate court. This court cannot consider an issue raised for the first time on appeal. Sockwell v. Sockwell, 822 So.2d 1219, 1224-25 (Ala.Civ.App.2001).
In addition, the probate court considered the reasonableness of the fee charged and determined that a fee of $870 was reasonable. We review that determination with a presumption of correctness, and we will not set aside the judgment awarding fees unless we are convinced that the court misused the discretion vested in it. Army Aviation Ctr. Fed. Credit Union v. Poston, 460 So.2d 139, 141 (Ala.1984); see also King v. Keith, 257 Ala. 463, 60 So.2d 47 (1952). The court held a hearing on McDermott’s motion challenging the fee award, and, according to her postjudgment motion, McDermott’s attorney argued that other attorneys who had served the court in similar appointments had not charged more than $150 per hour, instead of the $180 per hour Harrison, was charging. However, the probate court was free to consider factors other than the customary charges of lawyers performing similar services in the community, including the time the attorney spent in the discharge of his duties, the attorney’s experience and reputation, the nature of the subject matter, and the learning, skill, and labor required to properly discharge the duties connected with his employment. See Poston, 460 So.2d at 141-142. Based on the scant record before us and the presumption in favor of the court’s determination of reasonableness, we cannot say that the probate judge misused his discretion in determining that Harrison was due a fee of $870.
AFFIRMED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.

. McDermott appealed to the Alabama Supreme Court. That court transferred the appeal to this court because, it said, the case was within this court’s appellate jurisdiction.