THIGPEN, Judge.
This case involves post-divorce proceedings.
Pursuant to a divorce in 1988, the custody of the parties’ children was awarded to the father. In 1990, the mother petitioned for a change in custody. After an ore tenus proceeding, the trial court determined that “no substantial material change in circumstance has been proved to the Court to justify the disruptive damage that would result in a change of custody” and denied the mother’s petition. She appeals.
The mother contends on appeal that the trial court awarded custody to the paternal grandmother at the close of the hearing on the mother’s petition to modify. She couches her argument in terms of the trial court being without authority to award custody to a nonparent in this case without finding the natural parent to be unfit and/or without a prior order granting custody to a nonparent, or a relinquishment of custody by the natural parent. She also argues that the trial court abused its discretion in refusing to modify the previous custody decree and award custody to her.
Our review of the record in this case reveals that the original order granted custody to the father with the grandmother’s assistance. The final order on the petition to modify details factors the trial court considered and utilized in reaching its decision. The order clearly states the trial court’s specific conclusion that the best interest of the children would be served by allowing the current custody arrangement to “continue without interruption.” The order does not change custody from the father to the paternal grandmother, as the mother alleges; therefore, it is unnecessary to address the mother’s arguments concerning the natural parent’s prima facie right to custody over a nonparent.
The law regarding a change of custody from one parent to another is well established. The trial court’s order is afforded a presumption of correctness, which we will not reverse absent a showing that the trial court abused its discretion or was plainly and palpably wrong. Wesson v. Wesson, 507 So.2d 536 (Ala.Civ.App.1987). The petitioning parent must prove that “the change of custody ‘materially promotes’ the child’s best interest and welfare.” Ex parte McLendon, 455 So.2d 863, *918 866 (Ala.1984). The petitioner must further produce evidence to show that the benefits of the proposed change in custody overcome the inherently disruptive effect caused by uprooting the child. McLendon, supra.
We have thoroughly and carefully reviewed the record and choose to preter-mit a lengthy discussion of the facts in this case. There was evidence that the mother had improved her situation in life, and we commend her for that; however, that evidence does not rise to the level of the stringent standard she must prove to change custody. The trial court correctly applied the McLendon standard to the mother’s petition and the evidence supports the trial court’s decision to deny that petition. We find no evidence sufficient to overcome the presumption of correctness of the trial court’s judgment.
The mother’s request for an attorney’s fee for this appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.