This is a child custody modification case in which the mother sought to regain custody of her two children, based on an allegation of changed circumstances. After a hearing, the trial judge held that the "paternal grandmother is willing and able to continue to furnish the primary care for the minor children and it is the JUDGMENT of this Court that it is in the best interest of the children that this be allowed to continue without interruption." The *Page 919 
judgment of the trial court was affirmed by the Court of Civil Appeals. 596 So.2d 916.
We granted certiorari review to determine whether this order of the trial court has the effect of giving custody of two children to the paternal grandmother in contravention of the legal presumption in favor of the natural parent. The mother has not forfeited her right to custody, nor has she been adjudicated unfit. The grandmother is not a party to the action. We reverse and remand.
Deborah Ann Cummings Bentley Woodfin and George Terry Bentley were formerly husband and wife. As a result of their marriage, two children were born: George Aaron, born June 3, 1981, and Alex Jay, born August 12, 1986. A judgment of divorce dated August 24, 1988, awarded the father "the absolute care, custody and control and the minor children . . . with the understanding that the paternal grandmother, Mrs. Aileen Bentley, shall be involved in assisting her son . . . with this responsibility." The mother was awarded visitation with the children.
After the divorce, the father and the children moved to South Carolina to live with the father's parents. Although the father was awarded legal custody of the children, the record reflects that he relinquished the actual physical custody of the minor children to the paternal grandmother.
On February 2, 1990, the mother filed a petition to modify the divorce judgment on the grounds of changed circumstances. The evidence presented to the trial court reflected these changes in circumstances: (1) that since the divorce the mother had remarried, (2) that the mother and her new husband were both gainfully employed, earning a combined income of approximately $35,000 per year, (3) that they owned a home and land in Perry County, Alabama, (4) that the new husband was willing and able to assist the mother in providing a home for the children, (5) that the mother had a large, but close, circle of family members in Perry County, (6) that neither the mother nor her new husband had had any criminal involvement since the divorce, (7) that since the divorce, the father had had three convictions for shoplifting and had served 90 days in jail, and (8) that the father had undergone treatment at a substance abuse facility for heroin abuse in 1988.
On January 4, 1991, the mother appealed to the Court of Civil Appeals, which affirmed. The mother then filed in this Court a petition for the writ of certiorari, which we have granted.
The presumption that custody of minor children should be placed with a natural parent, rather than a third person, has been firmly embedded in the law of our state for more than a century. In Striplin v. Ware, 36 Ala. 87 (1860), this Court said:
 "The law devolves the custody of infant children upon their parents, not so much upon the ground of natural right in the latter, as because the interests of the children, and the good of the public, will as a general rule, be thereby promoted. It is a fair presumption, that so long as children are under the control of their parents, they will be treated with affection, and their education and morals will be duly cared for. . . .
 ". . . So strong is the presumption that 'the care which is prompted by the parental instinct, and responded to by filial affection, is most valuable of all'; and so great is the reluctance of the court to separate a child of tender years from those who according to the ordinary laws of human nature, must feel the greatest affection for it, and take the deepest interest in its welfare, — that the parental authority will not be interfered with, except in case of gross misconduct, or where, from some other cause, the parent wants either the capacity or the means for the proper nurture and training of the child. Where a contest for the custody of a child arises between its father or mother and a third person, the superior claim of the parent ought not, in our opinion, to be disturbed, unless it plainly appears that the interests of the child require it to be set aside." *Page 920 
36 Ala. 89-90. Griggs v. Barnes, 262 Ala. 357, 78 So.2d 910
(1955); Ex parte Sullivan, 407 So.2d 559 (Ala. 1981).
This court has continued to support the presumption in favor of the natural parent, even as against grandparents. Ex parteBerryhill, 410 So.2d 416 (Ala. 1982). The facts of the present case are very similar to those found in Ex parte Terry,494 So.2d 628 (Ala. 1986). In Terry the parties had divorced and the mother had been awarded custody of the minor child. The mother then placed physical custody of the child with the maternal grandfather of the child. The father petitioned for custody. The trial court entered an order placing custody with the maternal grandfather, and the Court of Civil Appeals affirmed. We reversed.
This Court said in Terry that the standard to be applied is the standard applied in Ex parte Berryhill, supra:
 " 'The prima facie right of a natural parent to the custody of his or her child, as against the right of custody in a nonparent, is grounded in the common law concept that the primary parental right of custody is in the best interest and welfare of the child as a matter of law. So strong is this presumption, absent a showing of voluntary forfeiture of that right, that it can be overcome only by a finding, supported by competent evidence, that the parent seeking custody is guilty of . . . misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question. Hanlon v. Mooney, 407 So.2d 554
(Ala.Civ.App. 1981).' "
494 So.2d 625, at 632, quoting Ex parte Mathews, 428 So.2d 58, at 59 (Ala. 1983) (emphasis added in Terry). We further adopted the view expressed by Judge Wright in a special concurrence inIn re Terry, 494 So.2d 625, at 628 (Ala.Civ.App. 1985), that " 'when a decree awards custody to one parent, without a finding that the noncustodial parent is unfit, then the non-custodial parent [should] not [be] deprived of his prima facie right to custody, except as against that custodial parent.' "494 So.2d at 633.
Our examination of the record in this case convinces us that the trial court erred in attempting to place custody of the two children in the paternal grandmother. It is apparent that the trial judge recognized that, because of what the trial court designated the father's "continued irresponsible conduct," custody could not remain with him. The record shows that this "continued irresponsible conduct consists of convictions for resisting arrest, shoplifting, D.U.I., [driving while] having no driver's license, criminal trespass and open container violations." The father was addicted to heroin and admittedly shoplifted and pawned the paternal grandmother's household items to raise money to support his drug habit. The father received treatment at a substance abuse treatment center in December 1988 for his heroin addiction, but continued to use heroin until he was jailed from October 1989 until February 1990. He permitted his sons to visit him practically every weekend while he was in jail.
The trial judge has attempted to place custody in the paternal grandmother because he perceives her to be a loving person in the lives of these children. However, the trial court has no jurisdiction to place custody in the paternal grandmother, who is not a party to this cause.
The trial judge stated in his order that he was reluctant to place custody in the mother because of prior problems she has had. However, the evidence produced in this case leads to the conclusion that the mother has married and become a responsible member of her community. She is successfully raising her 16-year-old daughter. There has been no finding that the mother is unfit, nor does the evidence produced lead one to such a conclusion. She, therefore, has a prima facie right to custody except as against the father.
Accordingly, the judgment of the Court of Civil Appeals is reversed, and the case is remanded to that court for an order remanding the case to the trial court for further proceedings consistent with this opinion. *Page 921 
REVERSED AND REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and ALMON, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
MADDOX, J., dissents.