L. CHARLES WRIGHT, Retired Appellate Judge.
Frances Scanlan and Michael Scanlan Rowinsky (Michael was adopted by his stepfather after the marriage) were married in June 1989. One child, conceived prior to the marriage, was born to the parties. In April 1991 Michael filed for divorce in the Circuit Court of Covington County, seeking, among other things, custody of the minor child. At the time the complaint was filed, the paternal grandmother, Jane Rowinsky, had temporary custody of the minor child due to a decree from the Juvenile Court of Covington County. In June 1991 the juvenile court ordered Jane Rowinsky to relinquish physical custody of the child to Frances.
In July 1991 three days of oral proceedings were held on the divorce complaint. Prior to that hearing, both parties and the trial court agreed that the grandparents, maternal and paternal, would be made parties to the action. Following the lengthy hearing, the trial court awarded custody to Frances with the provision that the custody be exercised in the home of Frances’s father, Roger Landers.
In August 1991 Michael filed a motion to reconsider in which he requested the trial court to restructure the visitation provision in the decree. In September 1991 he filed an amendment to the August motion or asked in the alternative for relief from the judgment pursuant to Rule 60(b), Alabama Rules of Civil Procedure. The motion alleged'newly discovered evidence that Frances had given birth to a child subsequent to the divorce hearing, although she had testified at the divorce hearing that she was not pregnant. Michael requested a new trial or relief from the judgment on the matter of custody. He further requested a determination of paternity as it related to the birth of the second child.
In October 1991 the trial court determined that the prior judgment be set aside and a new trial be held. The court also found, upon the admission of the mother, that Michael was not the father of the second child. The parties stipulated that the testimony from the July 1991 hearing could be considered by the trial court in the new hearing.
Following the new trial, the trial court entered an order awarding custody of the minor child to Michael with the provision that custody be exercised in the home of the paternal grandmother, wherever she elected to reside. Frances filed a motion for new trial, which was denied.
Frances appeals. She asserts that the trial court erred in granting custody to Michael.
Initially, we address the child custody standard appropriate for this situation. Frances suggests that the suitable standard for these proceedings is the standard promulgated in Ex parte McLendon, 455 So.2d 863 (Ala.1984). She insists that the stringent McLendon standard is appropriate because the trial court effectuated a “change in custody” in entering its October 1991 order.
The court’s October 1991 order does not amount to a “change in custody.” The court ordered a new trial on the merits (the correctness of which is not claimed as error on this appeal), and the parties stipulated that the original testimony was to be considered by the trial court in the new trial. Because the court set aside the prior judgment and granted a new trial the parties were back on equal standing. We find the standard appropriate in this custody determination to be the “best interests of the child.” Shugrue v. Shugrue, 520 So.2d 537 (Ala.Civ.App.1988).
Frances’s alternate argument is that the trial court erred in granting custody to Michael because there was no finding of “unfitness.” Her alternate argument is premised on the contention that the trial court’s ultimate decree essentially gave custody to the paternal grandmother and not to Michael. She relies on the case of Woodfin v. Bentley, 596 So.2d 918 (Ala. 1992), to support her position. Woodfin is distinguishable from the present facts. In Woodfin the trial court did grant custody *1094 to the paternal grandmother. In this proceeding, the trial court granted custody to Michael “with the proviso that said custody shall be exercised in the home of Jane Rowinsky, wherever she elects to reside.” That provision was made because of Michael’s military position and the uncertainty such position carries with it. This case was not one involving a parent versus a nonparent. The “unfitness” standard has no place in this proceeding except as it affects the best interests of the child.
Our review of child custody matters is very narrow. This court presumes the judgment to be correct and will reverse only when it appears that the judgment is so unsupported by the evidence as to be unjust and an abuse of discretion. Baine v. Baine, 510 So.2d 262 (Ala.Civ.App.1987).
We have carefully and thoroughly reviewed the 1,613 pages of record presented to this court on appeal. We, however, pretermit a detailed discussion of the facts. It is evident from the record that the parties involved have endured tremendous amounts of pain and hardship during these proceedings. To give a complete rendition of the facts, in our opinion, could only compound that pain.
It is sufficient to say that questions concerning Frances’s character, her mental stability, her propensity for not telling the truth, and her inability to provide proper care for the minor child, permeated the record of the first hearing. The most emphasized evidence in the second hearing was the fact that the mother perjured herself at the first hearing when she testified that she was not pregnant. The fact was— she gave birth to a second child approximately three weeks after the first hearing. Concerning that pregnancy, she testified that she received no prenatal care; that she did not inform her parents or her therapist of the pregnancy; that she did not inquire about possible harm to the fetus from taking lithium; and that she made no plans for the second child until after the child was born. She testified that she put the second child up for adoption.
The testimony leaves no doubt that the minor child in this custody dispute is loved by its mother and its maternal grandparents. However, the evidence also shows that the father and the paternal grandparents love the minor child and are very capable of providing a stable and nourishing environment for the child to grow up in.
We find the decree of the trial court to be supported by sufficient legal evidence. We cannot say that it does not provide for the best interests of the minor child. Shu-grue.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.