RICHARD L. HOLMES, Retired Appellate Judge.
This is a child custody ease.
Breeana D. Kuespert (child) was born in July 1992. The parents of the child are not married to one another and, in fact, have never been married to one another. However, neither party disputes that the father is the natural father of the child.
In October 1994 the trial court awarded custody of the child to the mother and granted the father liberal visitation rights. The trial court further ordered the father to pay child support. The mother subsequently relinquished custody of the child to her parents, the maternal grandparents.
On May 2, 1996, Stanley L. Kuespert and L. Elaine Kuespert (maternal grandparents) filed a petition, seeking temporary custody of *471 the child. Specifically, the maternal grandparents alleged that- the mother was unable to care for the child and that the father was not a fit and proper person to have custody of the child.
On May 22, 1996, the father filed an answer and a counterclaim, seeking custody of the child. On March 20, 1997, following an ore tenus hearing, the trial court awarded custody of the child to the father and granted the maternal grandparents liberal visitation rights. We reiterate that the mother voluntarily relinquished custody of the child. At trial, she specifically testified that she had no plans to retain legal custody of her child.
The maternal grandparents appeal, contending that the trial court erred in awarding custody of the child to the father because, they say, the child has been in their custody since infancy.
At the outset, we would note that it is well settled that the issue of child custody falls within the sound discretion of the trial court and that its determination regarding this issue will not be disturbed on appeal unless there is a showing of plain or palpable abuse of discretion. Dobbins v. Dobbins, 602 So.2d 900 (Ala.Civ.App.1992). This court must presume that the trial court correctly applied its discretionary authority in determining the child’s best interests. This presumption “arises because the trial court is in the best position to see and [to] hear the witnesses. It is our duty to affirm [the trial court’s judgment] if it is supported by credible evidence.” Williams v. Williams, 602 So.2d 425 (Ala.Civ.App.1992) (citations omitted).
In Wright v. Wright, 602 So.2d 421, 423 (Ala.Civ.App.1992), this court stated the following well-settled law regarding custody disputes between parents and nonparents:
“It is well settled that a natural parent has a prima facie right to custody of his or her child as against a nonparent. Ex parte Terry, 494 So.2d 628 (Ala.1986); Ex parte Mathews, 428 So.2d 58 (Ala.1983). Our courts have supported the presumption in favor of the natural parent, even as against grandparents. Ex parte Woodfin, 596 So.2d 918 (Ala.1992). This presumption recognizes that, as a matter of law, the best interests and welfare of the child are served by maintaining parental custody. Terry, 494 So.2d 628. Under the standard delineated in Terry, the presumption may be overcome only by proof that the natural parent ‘is guilty of such misconduct or neglect to a degree rendering that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question.’ Id. at 632.”
With the above standard in mind, we deem it unnecessary to set out in detail the full facts of this case. However, the following facts are pertinent to the trial court’s findings: The father was present when the child was born, and he has been an integral part of the child’s life since then. He has exercised his visitation rights on a regular basis and has paid his child support accordingly. The father testified that he and the child have a very loving relationship and that he is willing to care for his child on a full-time basis. The evidence reveals that the father has very exceptional parenting skills— he bathes, dresses, feeds, and cares for the child without any problems.
Numerous witnesses testified that the father expresses great love and affection toward the child and that the child expresses great love and affection toward the father. There is no evidence to indicate otherwise. The father testified that when he has the child on the weekends, he takes her to church, to McDonald’s, to the movies, and to other fun places. He further testified that if the trial court awarded him custody, he planned to enroll the child in gymnastics and in T-ball. The father also stated that he was presently living with his mother, but that he planned to rent an apartment if the trial court awarded him custody.
The maternal grandparents rely heavily on the fact that (1) the father has a violent temper, (2) he “parties” too much, and (3) the child has been in their care since infancy. The evidence does reveal that the father has a temper and that he and the mother have engaged in several physical, as well as verbal, altercations. However, there is no evidence to suggest that the father has directed any violence toward the child.
*472 ■The father did testify that he is single and that he likes to go out with his friends and have a good time. After reviewing the record, however, we cannot conclude that the father’s lifestyle of “partying” is indicative of how he would conduct himself under the present circumstances. He is now fully responsible for raising his child, and he has testified that he is willing to care for his child accordingly.
Finally, we would note that this court is ever mindful that the maternal grandparents have been the primary caretakers for the child since its infancy. As a reminder, however, we would also note that this court is bound to follow the law that applies in this case, which is that a parent has a prima facie right to custody of his or her child as against a nonparent.
Based on the foregoing, we find that the maternal grandparents failed to meet the standard set forth in Terry. In other words, they failed to present clear and convincing evidence indicating that the father is unfit and, thus, unable to be entrusted with his child.
Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.