707 So.2d 278 (1997)
S.C.S.
v.
S.W.S., C.W., and G.W.
(In the Matter of J.N.W.).
2961036.
Court of Civil Appeals of Alabama.
December 5, 1997.
*279 Katheree Hughes, Jr., Birmingham, for appellant.
No brief filed for appellees.
HOLMES, Retired Appellate Judge.
This is a child custody case.
S.C.S. (father) and S.W.S. (mother) are the parents of J.N.W. (child), who was born in November 1992. The mother and the father eventually married in April 1993. It is undisputed, however, that the father is the biological father of the child.
In February 1994 the father filed a complaint for divorce, seeking custody of the child. Thereafter, the mother filed an answer and a counterclaim, seeking custody of the child. We would note that in April 1994 the mother took the child to New York and voluntarily relinquished custody of the child to some relatives.
After learning that the mother had relinquished custody of the child to relatives in New York, C.W. and G.W. (maternal grandparents) intervened, seeking custody of the child. In April 1997, following an ore tenus hearing, the trial court divorced the parents, awarded custody of the child to the maternal grandmother, ordered both the mother and the father to pay child support, and granted the father liberal visitation rights. The father filed a post-judgment motion, which the trial court denied.
The father appeals. We would note that the mother does not appeal. In any event, after reviewing the record, we conclude that the mother is not the appropriate person to be entrusted with the physical custody of the child. Thus, the only issue on appeal is whether the trial court abused its discretion in awarding custody of the child to the maternal grandmother.
Initially, we would note that the standard of review to be applied in child custody cases is well settled. When the evidence is presented ore tenus, the judgment of the trial court is entitled to a presumption of correctness, and that judgment will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Alexander v. Alexander, 625 So.2d 433 (Ala. Civ.App.1993).
Furthermore, we would note that this court, in Wright v. Wright, 602 So.2d 421, 423 (Ala.Civ.App.1992), stated the following well-settled law regarding custody disputes between parents and nonparents:
"It is well settled that a natural parent has a prima facie right to custody of his or her child as against a nonparent. Ex parte Terry, 494 So.2d 628 (Ala.1986); Ex parte Mathews, 428 So.2d 58 (Ala.1983). Our courts have supported the presumption in favor of the natural parent, even as against grandparents. Ex parte Woodfin, 596 So.2d 918 (Ala.1992). This presumption recognizes that, as a matter of law, the best interests and welfare of the child are served by maintaining parental custody. Terry, 494 So.2d 628. Under the standard delineated in Terry, the presumption may be overcome only by proof that the natural parent `is guilty of such misconduct or neglect to a degree rendering that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question.' Id. at 632."
With the above standard in mind, we deem it unnecessary to set forth in detail the full facts of this case. The following facts, however, are pertinent to the father's assertion on appeal: The mother and the child presently live with the maternal grandparents in a three-bedroom, one-bathroom house. A total of eight people live in the house (the maternal grandparents, two daughters, and four grandchildren). The grandfather testified that the grandchildren bathe from a "washpan."
The record reveals that DHR visited the house on two different occasions, but the record is silent regarding the outcome of those visits. The evidence does suggest, however, that the house was, at one point, infested with rats and roaches. We would note that both grandparents are unemployed. The grandmother, however, receives a disability check each month.
The father, on the other hand, testified that he has a job and is more than willing to care for his child. He lives alone in a threebedroom *280 trailer, and the child has her own room in that trailer. The father's gross monthly income is $1,400. He pays approximately $50 per week for the child's health insurance through his employment.
The record is replete with evidence indicating that the father and the child have a good relationship and that the father is both financially and physically able to care for the child. In fact, the maternal grandmother willingly testified that "the child has an excellent relationship with her father." Furthermore, the father has apparently always been an integral part of the child's life. He has bought clothes, shoes, and toys for the child; he has exercised regular visitation with the child; he has dressed, fed, and cared for the child without any problems; and he has occasionally sent the maternal grandparents money to help support the child.
It is apparent that the trial court's decision to award custody of the child to the maternal grandmother was not supported by the evidence. In other words, there is no clear and convincing evidence to indicate that the father is unfit and, thus, unable to be entrusted with his child. In fact, the evidence strongly suggests that the father is seemingly the most proper person to have custody of the child. And, while not of great significance, we would add that the father lives very near the maternal grandparents. Thus, visitation for all parties would be more than convenient. We would further add that the paternal grandparents visit the father on a regular basis and that the paternal grandmother testified that she would be more than willing to move to Alabama if the father needed assistance raising the child.
As noted previously, a parent has a prima facie right to the custody of his or her child as against a nonparent. Ex parte Terry. Consequently, the judgment of the trial court is due to be reversed and the cause remanded for proceedings consistent with this opinion.
In view of the totality of the circumstances, the father's request for attorney fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., concur in the result.
CRAWLEY, Judge, concurring in the result.
I agree that the judgment must be reversed and the case remanded. In a case such as this, where the trial court awards custody to a nonparent but does not make a finding that the parent is unfit, the trial court's judgment is reversed and the cause is remanded for the trial court to make a finding as to the parent's fitness. See Terry, supra. I therefore do not agree with Judge Holmes's holding finding that the father is a fit and proper person to have custody of the child. That is a factual issue to be decided by the trial court upon remand.
THOMPSON, J., concurs.