CRAWLEY, Judge,
dissenting.
The record contains evidence of abuse committed upon one of the parties’ two children. Neither party accused the other of committing the abuse; however, the trial court informed the parties that they were both “suspects” in ongoing investigations of an incident or incidents resulting in the child’s hospitalization and chronic health problems. Also, the child’s medical records contained in the record indicate that abuse was suspected and that the police and DHR were notified of the child’s condition. Where the record contains evidence of domestic abuse, the Custody and Domestic or Family Abuse Act, Ala.Code 1975, § 30-3-130 et seq., creates a rebut-table presumption that it is not in the best interests of children to be placed in the custody of the perpetrator of the abuse.
This court has remanded causes to the trial court where the trial court awarded custody to a parent who is alleged to have committed abuse and where the trial court has not expressly applied the Act. Ray v. Ray, 782 So.2d 797 (Ala.Civ.App.2000); M.J.Y. v. J.S.Y., 758 So.2d 571 (Ala.Civ.App.1999); Davis v. Davis, 743 So.2d 486 (Ala.Civ.App.1999); Fesmire v. Fesmire, 738 So.2d 1284 (Ala.Civ.App.1999); Dorn v. Dorn, 724 So.2d 554 (Ala.Civ.App.1998); Harbert v. Harbert, 721 So.2d 224 (Ala.Civ.App.1998); Jackson v. Jackson, 709 So.2d 46 (Ala.Civ.App.1997). Therefore, because the trial court has before it evidence indicating that one or both of the parents may have committed abuse upon one of the children, I would reverse the trial court’s judgment and remand the cause for the trial court to make findings as to the abuse, in accordance with the evidence in the record, and to enter a judgment in accordance with the findings.
If the trial court finds that neither parent committed abuse upon the child and orders the same custody provision, which conditions the mother’s award of custody[1] *203 upon the children’s residing with the maternal grandparents, I would not uphold that custody order. A determination of child custody is made either as an issue incident to a divorce (see Ala.Code 1975, § 30-3-1) or in a dependency case (see Ala.Code 1975, § 12-15-71). This case is a divorce action. If the trial court determines that this case is a dependency case, then the trial court would have wide discretion to determine what custody arrangement is in the best interests of the children. See § 12-15-71. Section 12-15-71(a)(1) specifically authorizes a court exercising dependency jurisdiction to award custody of the child to a parent “subject to conditions and limitations as the court may prescribe.”
If the trial court finds that this case is not a dependency case, and does not exercise dependency jurisdiction, then I conclude that the trial court will be limited to awarding custody in accordance with the custody arrangements recognized by Alabama law in a divorce or postdivorce case. Those custody arrangements are stated in Ala.Code 1975, § 30-3-151, a provision of the joint-custody statute. Section 30-3-151 provides for joint custody (joint physical and joint legal custody), sole legal and joint physical custody, and sole physical and joint legal custody. The statute provides for joint custody only as between parents. It does not provide for joint-custody arrangements between a parent and a nonparent.
I conclude that Alabama law does not authorize the court to impose a condition on custody where the case is not a dependency case. In a divorce or postdivorce action, a parent has a prima facie right of custody over nonparents, unless the parent has voluntarily forfeited the right to custody of the child or has been found unfit. Ex parte Terry, 494 So.2d 628 (Ala.1986). I conclude not only that awarding custody to a nonparent implicates Ex parte Terry, but also that awarding conditional custody requires a voluntary forfeiture or a finding of unfitness.
This court in Scanlan v. Rowinsky, 611 So.2d 1092 (Ala.Civ.App.1992), upheld the trial court’s award of custody to the father on the condition that he exercise this custody in the home of the paternal grandmother. That case was not a dependency case. Based on my conclusions above, I necessarily conclude that Scanlan should be overruled.

. The trial court stated in its judgment that the parlies were awarded joint custody, with the mother having primary physical custody subject to the condition of living with her parents. The trial court's use of term "primary physical custody” is inappropriate in light of Ala.Code 1975, § 30-3-150 et seq., the joint-custody statute. See Harris v. Harris, 775 So.2d 213 (Ala.Civ.App.1999), for a discussion of the proper terms to be used for the different kinds of custody arrangements provided for by Alabama law.