The Circuit Court of Baldwin County divorced the parties in December 1989, and awarded custody of the three children to the mother. The father appealed the decision to this court, and we affirmed. Wheeler v. Wheeler, 574 So.2d 832 (Ala.Civ.App. 1990). In May 1990, the mother filed a motion in the circuit court, seeking clarification of the following provision in the divorce decree:
 "[N]either parent shall remove the children from the jurisdiction of the court for a period of time longer than fourteen days without prior express written permission of the other parent and/or permission from the court, with the exception of the father's visitation during the month of July each year."
The mother contended that she was finishing her residency at the University of South Alabama Medical School and wished to move from Baldwin County in order to seek employment. She contended that the provision in the divorce decree concerning jurisdiction did not require her to remain in Baldwin County, whereas the father argued that it did.
After an ore tenus proceeding, the trial court determined that
 " 'jurisdiction of the Court' has its standard meaning, which is anywhere within the jurisdiction of the Court, which would include anywhere within the boundaries of the State of Alabama so long as this Court has jurisdiction of the case."
The father appeals.
The dispositive issue on appeal is whether the trial court erred in not finding that the mother was restricted to living in Baldwin County.
We have reviewed the record, and we find no abuse of discretion by the trial court in clarifying the provision of the divorce *Page 52 
decree. This is especially true in view of what this court has recently said concerning geographic restrictive clauses and child custody. See Means v. Means, 512 So.2d 1386
(Ala.Civ.App. 1987). See also Hovater v. Hovater, 577 So.2d 461
(Ala.Civ.App. 1990). An agreement that a child must remain in one area is conclusive of the child's best interest only as long as the status of the parties at the time remains unchanged. Means,supra. To find that a child must remain in one geographic area is a mere speculation of what the best interest of the child may be at a future date. Hovater, supra. Therefore, we find no error by the trial court in finding that the mother, the custodial parent, was not required to remain in Baldwin County with the children.
We do note that the father could file a motion to modify the custody arrangement. Of course, he would have a heavy burden to meet in order to comply with the strict standard set out inEx parte McLendon, 455 So.2d 863 (Ala. 1984). Nevertheless, if the father believes that the move by the mother from Baldwin County would not be in the best interests of the children, he is certainly entitled to bring such an action.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.