After a marriage of eleven years, the wife brought suit in December 1990, requesting a divorce, child custody and support, alimony, and property division. The husband answered and counterclaimed for a divorce with visitation rights to their two sons, ages 9 and 6. There followed a year of pleadings, position statements, pendente lite petitions, and orders.
Trial began on December 5, 1991, and judgment was entered April 22, 1992. That judgment was more than ten pages in length without its appendages. It was subsequently amended after various motions and change of attorneys by the wife. (This appeal was filed by her third attorney.) The last amended "Final Judgment" was entered July 10, 1992. The record presented to this court contains nine volumes. One volume is primarily petitions, motions, judgments, and amended judgments. Three volumes are exhibits; five volumes are testimony (865 pages).
The final judgment granted a divorce to the wife, stating that the husband was guilty of adultery, but that both parties had contributed to the breakdown of the marriage. It granted joint custody of the children, with primary care to the wife and liberal designated visitation to the husband. The residence of the wife and children was to be located in Alabama, north of Shelby County, unless the parties agreed otherwise in writing. Child support by the husband was ordered in the amount of $700 per month per child. The husband is responsible for health insurance and all other medical and dental expenses of the children. The wife was awarded $90,000 in cash, a tract of land valued at $104,000, retirement accounts, an automobile, a horse and equipment, jewelry, furniture, and personal effects as alimony in gross. She was awarded $1,800 per month as periodic alimony, gradually lowered to $1,200 and ending after sixteen years.
The husband was awarded the residence from which the wife had moved several months before. She now resides near Birmingham and is employed as a teacher. He was given a one-half interest in the dental office building owned jointly with another dentist and a one-half interest in a rental house. Each of the houses and the office building had substantial mortgages, which he was required to pay. The husband retained his dental practice, bank accounts, and retirement accounts. He retained a boat and boat house, automobiles, and personal effects. He was required to maintain two life insurance policies of $300,000 each for the benefit of the children. The children already were beneficiaries of trusts in the amount of $52,000 each for their college educations. The court required those to be maintained.
The value of the husband's estate was largely derived from his dental practice. The court heard testimony as to that value from each side. We deem it unnecessary to set out here the disputed value of the assets. It is without dispute that the husband has established, through hard work and long hours, a lucrative dental practice. It is from that practice that he has established a net income of some $150,000 to $250,000 per year. He has invested in retirement accounts more than $200,000. Other than his practice and his retirement funds, he has no substantial liquid assets.
The issues presented by the wife on appeal are (1) whether the court abused its discretion in the division of marital property or alimony in gross and (2) whether it abused its discretion in limiting the residence of the children to an area of the state north of Shelby County.
In presenting the first issue, the wife contends that the judgment gave 83% of the marital estate to the husband and 17% *Page 1330 
to the wife. Of course, the husband disagrees with that assessment.
Our standard of review of issues charging abuse of discretion in the awarding of alimony in gross or division of property is time-worn, but unchanged, in thousands of cases. That standard is that the judgment of a trial judge rendered after hearing evidence presented ore tenus is presumed correct on appeal and will not be reversed unless it is so unsupported by the evidence as to be unjust and a palpable abuse of judicial discretion. Horner v. Horner, 600 So.2d 322 (Ala.Civ.App. 1992).
Our consideration of the judgment in light of the disputed evidence does not convince us that standard has been breached in this case. We find that the wife has received cash ($90,000) and real estate ($104,000) and other assets of undisputed value for a total of more than $250,000. Her attorneys have been paid over $22,000. She has been relieved of all debts created during the marriage and awarded substantial alimony and child support ($3,200 per month). It has been established that a judgment of property division does not require equality, only equity.Isham v. Isham, 464 So.2d 109 (Ala.Civ.App. 1985). The experienced and patient judge heard and considered the evidence presented and entered his judgment. That judgment, when reviewed by this court, is supported by a strong presumption of correctness. We have reviewed the record and transcript of the evidence. We find therefrom no compelling cause to overturn that judgment.
As to issue (2), charging an abuse of discretion in the limitation of the residence of the children to an area north of Shelby County, we perceive no error. There is no wider area for the exercise of judicial discretion than that of providing for and protecting the best interests of children. Ex parteHandley, 460 So.2d 167 (Ala. 1984). The court stands in the position of parens patria of children. Ayers v. Kelley,284 Ala. 321, 224 So.2d 673 (1969). Its power is without limit so long as it serves the best interests of the children.
It is evident from the record that the wife lives in or near Shelby County. The husband is a joint custodian under the judgment. He lives in Decatur, Alabama. He has been granted extensive rights to visit his children. The obvious purpose of the limitation of residence of the children is to prevent their removal to a place which would increase the difficulty of exercising that visitation. Such provision benefits the husband and serves the interests of the children in being with their father. We have said in other cases that if such limitation is deemed not in the best interests of the children, it is subject to be changed upon proper petition and proof. Wheeler v.Wheeler, 585 So.2d 51 (Ala.Civ.App. 1991).
Finding no material abuse of discretion as to either of the issues presented, we affirm the judgment of the trial court.
The wife's request for attorney fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.