This is a child custody case.
In March 1990, Bryan Lee Hovey, the father, and Alisa Diana Hovey, the mother, were divorced, and custody of their daughter was awarded to the mother. At some time after the divorce, the mother and child began living with George D. Hodge and Diana Prather Hodge, the child's maternal grandparents. In March 1992, the mother died; a few days later, the grandparents petitioned for "permanent custody." The father answered and filed a petition asserting his parental rights. After numerous proceedings, the trial court granted custody to the father in August 1995. The grandparents appeal.
The dispositive issue raised by the grandparents is whether the trial court erred in placing custody with the biological father rather than with them.
The record reveals that, after the divorce, the father returned to his home state of Virginia and had only minimal contact with his daughter in Alabama. He asserted that the distance, expense, and strained personal relationships prohibited frequent visitation. Several orders were entered between March 1992 and August 1995, when the final order was entered. Although those orders specify that the court had awarded "temporary custody" to the grandparents, it is clear from the wording of those orders and a subsequent action of the trial court that they were mere pendente lite orders "entered only during the pendency of the litigation" that which would later be "replaced by a final order or judgment." Ex parteJ.P., 641 So.2d 276, 278 (Ala. 1994). Furthermore, the trial court clearly directed that, during this time, the child would remain with the grandparents while the parties worked together to provide sufficient contact to establish a suitable relationship between the child and her father.
During the three years that this case was pending, the trial court ordered and received numerous reports and home studies, and *Page 1147 
held several hearings. Ultimately, a lengthy final hearing was held in August 1995, wherein the trial court heard comprehensive testimony from the father, the stepmother, both grandparents, the child's teacher, a child psychologist, and a school counselor. The evidence indicates that the child is highly intelligent, adapts well to her surroundings and circumstances, appears to be extroverted, and is popular with other children. In a detailed and well-reasoned final order, the trial court found that it was in the best interests of the child to be placed in the custody of her father, subject to specified visitation with the grandparents. Among the many factors considered, the trial court indicated its consideration of the age and circumstances of the grandparents and the father, as well as its concerns for the child's future.
The grandparents argue that the trial court erroneously applied the standard of best interest of the child at some future date, as opposed to the present, as a justification for the award of custody to the father. They also argue that the trial court erroneously considered their age as a factor.
The law regarding child custody determinations is well settled. Matters of child custody lie within the discretion of the trial court, and the child's welfare and best interest is always the paramount consideration. Martin v. Martin,623 So.2d 1167 (Ala.Civ.App. 1993). When a custody judgment follows the presentation of ore tenus evidence, a presumption of correctness automatically attaches to the judgment, and it will be affirmed if it is supported by competent evidence unless it is shown to be palpably wrong. Matter of Young, 456 So.2d 823
(Ala.Civ.App. 1984). The ore tenus rule is based, in part, on the unique position of the trial court to personally observe the parties and witnesses and to hear the evidence; additionally, "the perception of an attentive trial judge is of great importance," particularly in child custody cases.Williams v. Williams, 402 So.2d 1029, 1032
(Ala.Civ.App. 1981).
The procedural history of this case is somewhat unique and complex. Following the death of the mother, the grandparents filed a petition to intervene, seeking to modify the custody terms of the 1990 divorce judgment; likewise, the father's petition sought a modification of the divorce judgment. Both parties asserted that the mother's death was a change in circumstances. Although the case file bears the number of the original divorce proceedings, the trial court acknowledged that this "is essentially a case involving the custody of a minor child" and determined the case based upon that court's continuing jurisdiction. See Dockins v. Dockins, 475 So.2d 571
(Ala.Civ.App. 1985). Other errors in semantics may have created some of the confusion and delay in the disposition of the grandparents' petition. In addition to the misnamed pendente lite orders, the record discloses that the grandparents sought "permanent custody," and that the parties may have lost sight of the fact that "by its very nature, custody is always temporary and never permanent." Ex parteJ.P., 641 So.2d 276, 278 (Ala. 1994). Without terminating the parental rights of the biological father, the trial court had no authority to grant permanent custody to the grandparents.P.L.H. v. E.C., 579 So.2d 656 (Ala.Civ.App. 1991).
Furthermore, because this case involves a custody dispute between a nonparent and a parent, ordinarily, the grandparents should have been required to meet the heavy burden of overcoming the presumption favoring a biological parent. Exparte Terry, 494 So.2d 628 (Ala. 1986). The trial court, however, applied the best interest standard. Typically, when a trial court uses the incorrect standard in a custody determination, this court must reverse the judgment and remand for the court to apply the correct legal standard. Ex partePerkins, 646 So.2d 46 (Ala. 1994). The only transcript contained in the record is from the 1995 hearing. For reasons undisclosed in the record, in 1993, the trial court entered an order which stated that the issues of abandonment and the presumption of a natural parent's right to custody were not issues to be tried in subsequent reviews, but rather, that the only issue for the trial court to determine was the best interest of the child. See Ex parte D.J., 645 So.2d 303 (Ala. 1994). *Page 1148 
The best interest standard affords freedom for the trial court to consider numerous and varied factors, including "the respective home environments offered by the parties; [and] the characteristics of those seeking custody, including age."Ex parte Devine, 398 So.2d 686, 696 (Ala. 1981). A multitude of factors are proper for consideration when the trial court is determining what is in the best interest of the child, and there are no specific rules or guidelines that will control every case. See Borsdorf v. Mills, 49 Ala. App. 658,275 So.2d 338 (Ala.Civ.App. 1973). The legal standard of review does not permit this court to substitute its judgment for that of the trial court, and, to reverse, "we [must] find from the evidence that the trial [judge's ruling] was so in error as to constitute an abuse of his discretion." Alonzo v. Alonzo,628 So.2d 749, 750 (Ala.Civ.App. 1993). The record is replete with ample evidence supporting the trial court's judgment, and, as indicated in the trial court's detailed order, both the father and the grandparents are fit and proper to have custody; and award of custody to either would be satisfactory. This record and the trial court's order indicate the wisdom of deferring to the trial court, particularly in custody cases, where a perspicacious trial court is essential.
Clearly, the trial court was attentive and deliberate, exhausting reasonable means to determine what was in the best interest of this child. Consequently, we find no error in the trial court's considering the age of the grandparents.
The judgment awarding custody to the biological father is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and MONROE, J., concur.