Angelia C. Fesmire (the "mother") sued Alva C. Fesmire (the "father") for a divorce. In her complaint, she alleged, among other things, that the father had physically abused her and had threatened her life. She sought custody of their two minor children. The father, in his motion for psychological examination, alleged that the mother had been mentally and physically abusive to both him and to the children. During the trial, the mother testified concerning alleged acts of domestic abuse by the father. The father denied the mother's allegations. The trial court awarded sole custody of the minor children to the father. The mother appeals, arguing that the trial court erred by awarding custody to the father. Specifically, she argues that the trial court erred by not applying the provisions of the Custody and Domestic or Family Abuse Act, codified in Ala. Code 1975 at §§30-3-130 through -136. We reverse and remand.
Although the issue of domestic abuse was brought up by both parties in various pleadings and was clearly made an issue at trial, the court made no express finding as to whether domestic abuse had occurred. In Harbert v. Harbert, 721 So.2d 224, 226
(Ala.Civ.App. 1998), this court directed that, on remand, a trial court make a finding as to whether domestic abuse had occurred, so that this court could be certain that the Custody and Domestic or Family Abuse Act had been applied. The statements inHarbert regarding that point are arguably dicta because in that case this court reversed the judgment for another reason. However, our decision to instruct the trial court on remand to make a finding was influenced by this court's concern that an appellate court could not be certain that the trial court had applied the statute without some indication that the trial court made a finding *Page 1286 
about the domestic-abuse issue.[1] BecauseHarbert did not hold that the Custody and Domestic or Family Abuse Act requires the trial court to make a finding as to whether domestic abuse has occurred, we take this opportunity to hold that it does.
The Custody and Domestic or Family Abuse Act reads as follows:
"§ 30-3-130 Definitions.
 "For the purposes of this article `domestic or family abuse' means an incident resulting in the abuse, stalking, assault, harassment, or the attempt or threats thereof. Abuse means any offense under Article 4 (commencing with Section 13A-6-60) of Chapter 6 of Title 13A, and under Chapter 15 (commencing with Section 26-15-1) of Title 26. Stalking means the offenses prescribed in Sections 13A-6-90 to 13A-6-92, inclusive. Assault means the offense prescribed in Sections 13A-6-20 to 13A-6-25, inclusive. Harassment means the offenses prescribed in Section 13A-11-8.
 "§ 30-3-131 Presumption against perpetrator of violence.
 "In every proceeding where there is at issue a dispute as to the custody of a child, a determination by the court that domestic or family violence has occurred raises a rebuttable presumption by the court that it is detrimental to the child and not in the best interest of the child to be placed in sole custody, joint legal custody, or joint physical custody with the perpetrator of domestic or family violence. Notwithstanding the provisions regarding rebuttable presumption [sic], the judge must also take into account what, if any, impact the domestic violence had on the child.
"§ 30-3-132 Factors for court consideration.
 "(a) In addition to other factors that a court is required to consider in a proceeding in which the custody of a child or visitation by a parent is at issue and in which the court has made a finding of domestic or family violence the court shall consider each of the following:
 "(1) The safety and well-being of the child and of the parent who is the victim of family or domestic violence.
 "(2) The perpetrator's history of causing physical harm, bodily injury, assault, or causing reasonable fear of physical harm, bodily injury, or assault, to another person.
 "(b) If a parent is absent or relocates because of an act of domestic or family violence by the other parent, the absence or relocation may not be a factor that weighs against the parent in determining the custody or visitation.
 "§ 30-3-133 Determination raises rebuttable presumption that child reside with parent not perpetrator.
 "In every proceeding where there is at issue a dispute as to the custody of a child, a determination by the court that domestic or family violence has occurred raises a rebuttable presumption by the court that it is in the best interest of the child to reside with the parent who is not a perpetrator of domestic or family violence in the location of that parent's choice, within or outside the state.
 "§ 30-3-134 Finding of violence constitutes changed circumstance.
 "In every proceeding in which there is at issue the modification of an order for custody or visitation of a child, a finding that domestic or family violence has occurred since the last custody determination *Page 1287 
constitutes a finding of change in circumstances.
"§ 30-3-135 Visitation — Victim counseling.
 "(a) A court may award visitation by a parent who committed domestic or family violence only if the court finds that adequate provision for the safety of the child and the parent who is a victim of domestic or family violence can be made.
 "(b) In a visitation order, a court may take any of the following actions:
 "(1) Order an exchange of the child to occur in a protected setting.
 "(2) Order visitation supervised in a manner to be determined by the court.
 "(3) Order the perpetrator of domestic or family violence to attend and complete to the satisfaction of the court, a program of intervention for perpetrators or other designated counseling as a condition of visitation.
 "(4) Order the perpetrator of domestic or family violence to abstain from possession or consumption of alcohol or controlled substances during the visitation and for 24 hours preceding the visitation.
 "(5) Order the perpetrator of domestic or family violence to pay a fee to defray the cost of supervised visitation.
"(6) Prohibit overnight visitation.
 "(7) Require a bond from the perpetrator of domestic or family violence for the return and safety of the child.
 "(8) Impose any other condition that is deemed necessary to provide for the safety of the child, the victim of family or domestic violence, or other family or household member.
 "(c) Whether or not visitation is allowed, the court may order the address of the child or the victim of family or domestic violence to be kept confidential.
 "(d) The court may refer but shall not order an adult who is a victim of family or domestic violence to attend counseling relating to the victim's status or behavior as a victim, individually or with the perpetrator of domestic or family violence as a condition of receiving custody of a child or as a condition of visitation.
 "(e) If a court allows a family or household member to supervise visitation, the court shall establish conditions to be followed during visitation.
"§ 30-3-136 Provisions supplemental.
 "The provisions of this article are supplemental and shall be construed in pari materia with other laws relating to civil and criminal procedure."
The statute applies "[i]n every proceeding where there is at issue a dispute as to the custody of a child." § 30-3-31. Although the statute does not directly mandate that the trial court make a finding regarding allegations of domestic abuse, the import of the statute allows for such an interpretation, and such an interpretation is necessary for this court to adequately review the application of the statute. Clearly, the purpose of the statute is to protect children from family violence, whether the underlying violence is directed at the children or is directed by one parent toward the other.
The trial court "has a heavy burden in proceedings involving minor children. In Wise v. Watson, 286 Ala. 22, [25,]236 So.2d 681[, 684] (1970), our supreme court said . . . `[I]t is the . . . court's duty to guard and protect the interest of its infant wards with scrupulous care.'" Thorne v. Thorne,344 So.2d 165, 170 (Ala.Civ.App. 1977) (emphasis added in Thorne). "The court in exercising its discretion in a custody case is not bound by the preponderance of the evidence." Leigh v. Aiken, 54 Ala. App. 620,625, 311 So.2d 444, 448 (1975). To meet its heavy burden of guarding and protecting a child's interest and of exercising "scrupulous care," the trial court must be clearly convinced that the child is not placed in an *Page 1288 
abusive environment. To make certain that the trial courts of this state exercise "scrupulous care" toward the children they are entrusted to protect, we hold that, in cases involving allegations of domestic or family abuse, the trial court must, on the basis of the evidence presented, make a finding on the record as to whether domestic abuse occurred and then, if necessary, it must apply the remaining provisions of the Custody and Domestic or Family Abuse Act.
REVERSED AND REMANDED.
Thompson, J., concurs.
Yates, J., concurs in the result.
Robertson, P.J., and Monroe, J., concur in the result only.
[1] For example, without a finding stated in the record, an appellate court cannot be certain whether the trial court has found that the alleged abuse did not occur, or has found that the abuse did occur but that the perpetrator of the abuse had rebutted the presumption against the child's being placed in the sole or joint custody of the perpetrator. See Ala. Code 1975, § 30-3-131; see also Jackson v. Jackson, 709 So.2d 46, 48
(Ala.Civ.App. 1997) (holding that the trial court must apply the provisions of the statute and specifically determine whether the perpetrator of domestic abuse had rebutted the presumption against an award of joint custody).