In September 1998, Cheryl Mullins Davis (the "mother") filed a petition for protection from abuse, alleging that William J. Davis (the "father") had "slug[ged] [her] in the breastbone" and that she feared for her safety because the father had previously threatened to kill her. The trial court granted the petition. The father counterclaimed for a divorce, denying the allegations contained in the petition and requesting custody of the parties' minor child. The case was tried in January 1999, and both parties testified concerning physical altercations during the marriage. The mother testified that the father was the aggressor and that he had broken her wrist. The father testified that the mother was the aggressor in all instances and that he had struck her only in self-defense. The trial court divorced the parties and awarded them joint legal custody and awarded the father primary physical custody. *Page 487 
The mother appeals, arguing that the trial court failed to consider or to apply the provisions of the Custody and Domestic or Family Abuse Act, codified at Ala. Code 1975, §§ 30-3-130
through -136. We reverse and remand.
As we recently stated in Fesmire v. Fesmire, [Ms. 2980111, July 23, 1999] 738 So.2d 1284, 1287 (Ala.Civ.App. 1999):
 "The trial court `has a heavy burden in proceedings involving minor children. In Wise v. Watson, 286 Ala. 22, [25,] 236 So.2d 681[,684] (1970), our supreme court said . . . "[I]t is the . . . court's duty to guard and protect the interest of its infant wards with scrupulous care.'" Thorne v. Thorne, 344 So.2d 165, 170 (Ala.Civ.App. 1977) (emphasis added in Thorne). `The court in exercising its discretion in a custody case is not bound by the preponderance of the evidence.' Leigh v. Aiken, 54 Ala. App. 620, 625, 311 So.2d 444, 448 (1975). To meet its heavy burden of guarding and protecting a child's interest and of exercising `scrupulous care,' the trial court must be clearly convinced that the child is not placed in an abusive environment. To make certain that the trial courts of this state exercise `scrupulous care' toward the children they are entrusted to protect, we hold that, in cases involving allegations of domestic or family abuse, the trial court must, on the basis of the evidence presented, make a finding on the record as to whether domestic abuse occurred and then, if necessary, it must apply the remaining provisions of the Custody and Domestic or Family Abuse Act."
Therefore, the judgment of the trial court is reversed and this cause is remanded for the trial court to determine whether domestic abuse, as defined in the Custody and Domestic or Family Abuse Act, occurred in this case. If the court determines that domestic abuse did occur, it must next determine who the perpetrator of that abuse was. Finally, if domestic abuse did occur, the court must apply the remaining provisions of the Custody and Domestic or Family Abuse Act.
REVERSED AND REMANDED.
Yates, Monroe, and Thompson, JJ., concur.
Robertson, P.J., concurs in the result only.