Deidre Barnes Ray and Daron Ray were married in 1993. They separated for the final time in April 1996. Two children were born of the marriage, one of them born after the separation. The mother filed a protection-from-abuse petition in June 1998. She also requested custody of the children at that time. Although the trial court entered a protection-from-abuse order, it awarded pendente lite custody of the children to the father in July. After conducting a trial, the court entered a judgment of divorce; it awarded custody of the children to the father and required the mother to pay $404 per month in child support. The mother appeals, arguing that the trial court failed to consider or to apply the provisions of the Custody and Domestic or Family Abuse Act, codified at Ala. Code 1975, §§ 30-3-130 through -136. We reverse and remand.
This case involves allegations of domestic abuse. The mother testified that she left the father partly because of abusive behavior on his part. Marisha Morris, a witness for the mother, testified that the mother had suffered several black eyes during the marriage. She also testified that the mother had received a "knot" on her head during an apparent argument with the husband over his having an extramarital relationship. The trial court made no finding as to whether the mother's allegations were supported by the evidence or whether any presumption raised by the Act was rebutted, in light of the fact that the mother had pleaded guilty to assault in the third degree based on an incident between her and her brother-in-law stemming from the custody dispute.
This court has recently stated:
 "`The trial court "has a heavy burden in proceedings involving minor children. In Wise v. Watson, 286 Ala. 22, [25,] 236 So.2d 681[, 684] (1970), our supreme court said . . . `[I]t is the . . . court's duty to guard and protect the interest of its infant wards with scrupulous care.'" Thorne v. Thorne, 344 So.2d 165, 170 (Ala.Civ.App. 1977) (emphasis added in Thorne). "The court in exercising its discretion in a custody case is not bound by the preponderance of the evidence." Leigh v. Aiken, 54 Ala. App. 620, 625, 311 So.2d 444, 448 (1975). To meet its heavy burden of guarding and protecting a child's interest and of exercising "scrupulous care," the trial court must be clearly convinced that the child is not placed in an abusive environment. To make certain that the trial courts of this state exercise "scrupulous care" toward the children they are entrusted to protect, we hold that, in cases involving allegations of domestic or family abuse, the trial court must, on the basis of the evidence presented, make a finding on the record as to whether domestic abuse occurred and then, if necessary, it must apply the remaining provisions of the Custody and Domestic or Family Abuse Act.'"
Davis v. Davis, 743 So.2d 486, 487 (Ala.Civ.App. 1999) (quoting Fesmirev. Fesmire, 738 So.2d 1284, 1287-88 (Ala.Civ.App. 1999)).
The mother also argues that the trial court erred in calculating the father's child-support obligation. The father, who is not employed, testified that he occasionally placed one or both of the children in daycare if he had to attend a school function for another child, a doctor's appointment for another child, or a doctor's appointment of his own. The child-support worksheet includes in the father's figures $150 per month as daycare expenses. The mother argues, correctly, that daycare expenses are to be included under the child-support guidelines if they are "incurred on behalf of the children because of employment *Page 799 or job search of either parent." Rule 32(B)(8), Ala. R. Jud. Admin. Thus, we conclude that the inclusion of daycare expenses for periodic daycare incurred for reasons other than employment or a job search is not permitted by the guidelines. Therefore, on remand, the trial court is instructed to recalculate the father's child-support obligation without considering the $150 in daycare expenses.
Therefore, the judgment of the trial court is reversed and this cause is remanded for the trial court to determine whether "domestic abuse," as defined in the Custody and Domestic or Family Abuse Act, occurred in this case. If the court determines that domestic abuse did occur, then the court must apply the remaining provisions of the Custody and Domestic or Family Abuse Act. Once the issue of custody is determined, the trial court is to recalculate child support without considering the father's $150 monthly figure for occasional daycare expenses.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result only.