In March 1995, Becky Ann Everett Stevens (the "mother") and Thomas J. Everett (the "father") were divorced. By agreement, the parties were awarded joint legal custody of their children, with the father having sole physical custody. In June 1999, the mother filed a petition for modification, requesting that sole physical *Page 1055 
custody of the children be awarded to her. In that petition, she alleged that the father was physically abusive to his children. At trial, the mother presented evidence that the father spanked the children with a belt hard enough to leave bruises, and she presented the testimony of the father's older children from a previous marriage, who testified that the father had physically assaulted them on certain occasions. The father denied these allegations of physical abuse, but did admit that he disciplined his children with a belt. The trial court denied the mother's petition. She appeals. We reverse and remand.
This case involves allegations of family abuse. See Ala. Code 1975, § 30-3-130 through -136, the Alabama Custody and Domestic or Family Abuse Act (the "Act"). The trial court failed to make a finding as to whether the mother's allegations were supported by the evidence. SeeDavis v. Davis, 743 So.2d 486, 487 (Ala.Civ.App. 1999) (quoting Fesmirev. Fesmire, 738 So.2d 1284, 1287-88 (Ala.Civ.App. 1999)) (requiring a trial court to make a finding on the record as to whether domestic abuse has occurred).
Although the mother did not specifically raise the Act in the trial court or on appeal, and although Judge Robertson is correct in stating that this court generally does not review on appeal arguments not raised either in the trial court or in the appellant's brief, a case involving child custody is not the "general" case. Alabama courts have historically held that when a trial "court has acquired jurisdiction of a child as to the child's custody and control, the child becomes a ward of the court and the parties to the suit are of secondary importance."Thorne v. Thorne, 344 So.2d 165, 168 (Ala.Civ.App. 1977) (citation omitted). In addition, our supreme court has held that "[t]he question of the custody of infant children is not an adversary proceeding between parents in the eyes of the law, but is a matter within the peculiar discretion of the [trial court] as to the welfare of wards of the court."Stephens v. Stephens, 253 Ala. 315, 319-20, 45 So.2d 153, 157 (1950).
This court has recently stated:
 "`The trial court "has a heavy burden in proceedings involving minor children. In Wise v. Watson, 286 Ala. 22, [25,] 236 So.2d 681[, 684] (1970), our supreme court said . . . `[I]t is the . . . court's duty to guard and protect the interest of its infant wards with scrupulous care.'" Thorne v. Thorne, 344 So.2d 165, 170 (Ala.Civ.App. 1977) (emphasis added in Thorne). "The court in exercising its discretion in a custody case is not bound by the preponderance of the evidence." Leigh v. Aiken, 54 Ala. App. 620, 625, 311 So.2d 444, 448 (1975). To meet its heavy burden of guarding and protecting a child's interest and of exercising "scrupulous care," the trial court must be clearly convinced that the child is not placed in an abusive environment. To make certain that the trial courts of this state exercise "scrupulous care" toward the children they are entrusted to protect, we hold that, in cases involving allegations of domestic or family abuse, the trial court must, on the basis of the evidence presented, make a finding on the record as to whether domestic abuse occurred and then, if necessary, it must apply the remaining provisions of the Custody and Domestic or Family Abuse Act.'"
Davis, 743 So.2d at 487 (quoting Fesmire, 738 So.2d at 1287-88).
Therefore, the judgment of the trial court is reversed, and this cause is remanded for the trial court to determine whether "domestic abuse," as defined in the Custody and Domestic or Family Abuse Act, occurred in this case. If the court determines that domestic abuse did *Page 1056 
occur, then the court must apply the remaining provisions of the Custody and Domestic or Family Abuse Act.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Yates, Monroe, and Thompson, JJ., concur.
Robertson, P.J., dissents.