Two of the most important tenets of appellate review are: (1) an appellate court will not reverse a judgment based upon an error not asserted in the trial court, and (2) an appellate court will not reverse a judgment based upon an error not asserted by the appellant in his or her appellate brief. Norman v. Bozeman, 605 So.2d 1210, 1214 (Ala. 1992); Shop-A-Snak Food Mart, Inc. v. Penhale, 693 So.2d 479, 482-83
(Ala.Civ.App. 1997). As we said in Penhale, "[f]or this court to suddenly take it upon itself to search for errors and to begin reversing trial courts based on issues not raised by the parties would be a reckless disregard for established — and necessary — procedure." 693 So.2d at 483.
A cursory review of the record and the appellate briefs in this case reveals that the mother never asserted, at trial or on appeal, that the trial court failed to comply with the Custody and Domestic or Family Abuse Act ("the Act") in entering its judgment. That fact distinguishes this case from both Fesmire v. Fesmire, 738 So.2d 1284 (Ala.Civ.App. 1999), and Davis v. Davis, 743 So.2d 486 (Ala.Civ.App. 1999), wherein the appellants specifically asserted the Act as a basis for reversal.Fesmire, 738 So.2d at 1285; Davis, 743 So.2d at 487.
The reversal in this case arises solely from a sua sponte search for error and violates the fundamental precepts of appellate procedure. Therefore, I dissent.