796 So.2d 373 (2001)
Joseph Edward HOWARD
v.
Pamela Sue HOWARD.
2990803.
Court of Civil Appeals of Alabama.
February 9, 2001.
Desmond B. Toler, Mobile, for appellant.
Richard L. Watters, Mobile, for appellee.
CRAWLEY, Judge.
Pamela Sue Howard sued Joseph Edward Howard for a divorce in May 1999. The trial court divorced the parties and, among other things, awarded the mother sole physical custody of the children. The father appeals, arguing that the trial court abused its discretion by awarding the mother sole physical custody of the children and that the trial court erred by not making a written finding as to whether domestic abuse had occurred.
In child-custody cases, the trial court's judgment is presumed correct and will not be reversed absent a plain and palpable abuse of discretion. Ex parte Jones, 620 So.2d 4 (Ala.1992). The primary consideration in determining custody issues is the best interests and welfare of *374 the children. Brown v. Brown, 602 So.2d 429 (Ala.Civ.App.1992). The trial court considers several factors, including the age and needs of the children, and each parent's ability to provide for those needs. Id.
After reviewing the record, we conclude that the trial court did not abuse its discretion by awarding sole physical custody to the mother. The record contains evidence indicating that the father committed abuse upon the mother and the children. See Ala.Code 1975, § 30-3-133 (providing a rebuttable presumption that it is in the best interests of children not to be placed in the physical custody of a perpetrator of domestic abuse). The record also contains evidence indicating that the mother is much more attentive to the children's needs and has been more consistent in meeting their needs than the father has been.
The father also argues that the trial court erred by not making a written finding as to whether domestic abuse had occurred. The father argues that the trial court's failure to make such a finding conflicts with the Custody and Domestic or Family Abuse Act (the "Act"), Ala.Code 1975, § 30-3-130 et seq. We conclude that the absence of such a finding is at most harmless error in this case.
This court has remanded causes to the trial court where the trial court awarded custody to the parent who is alleged to have committed abuse and where the trial court has not expressly applied the Act. Ray v. Ray, 782 So.2d 797 (Ala.Civ.App. 2000); M.J.Y. v. J.S.Y., 758 So.2d 571 (Ala. Civ.App.1999); Davis v. Davis, 743 So.2d 486 (Ala.Civ.App.1999); Fesmire v. Fesmire, 738 So.2d 1284 (Ala.Civ.App.1999); Dorn v. Dorn, 724 So.2d 554 (Ala.Civ.App. 1998); Harbert v. Harbert, 721 So.2d 224 (Ala.Civ.App.1998); Jackson v. Jackson, 709 So.2d 46 (Ala.Civ.App.1997).
In those cases, this court was alerted that the trial court might have erred by improperly applying, or by not applying, the rebuttable presumption of § 30-3-133. That rebuttable presumption is that it is in the best interests of children not to be placed in the custody of a perpetrator of abuse. The record in this case contains no allegations that the mother has committed abuse. Because the record contains only allegations that the father, who was not awarded physical custody, is a perpetrator of abuse, this court is not alerted to any prejudicial error by the trial court's not applying the rebuttable presumption of § 30-3-133.
Judge Yates in her dissent appears to argue that the trial court's failure to make a written finding as to whether domestic abuse had occurred may adversely affect the mother's arguments if the father later files a petition to modify custody. While we recognize the implications of Judge Yates's arguments, we conclude that her arguments show prejudice to the mother, who is not the appellant or cross-appellant in this case. We will not reverse for error not argued by an appellant or cross-appellant who will suffer prejudice. See Rule 4(a)(2), Ala. R.App. P. (providing the procedure for an appellee to cross-appeal); Metro Bank v. Henderson's Builders Supply Co., 613 So.2d 339 (Ala. 1993) (holding that the court will not address arguments made by an appellee who did not cross-appeal); and Robicheaux v. Robicheaux, 731 So.2d 1222 (Ala.Civ.App. 1998) (accord).
Therefore, the trial court's judgment is affirmed.
The appellee's request for an attorney fee on appeal is denied.
AFFIRMED.
*375 PITTMAN and MURDOCK, JJ., concur.
THOMPSON, J., concurs in the result.
YATES, P.J., dissents.
YATES, Presiding Judge, dissenting.
Even though no allegations of abuse were made against the custodial parent, the mother, I believe the trial court still must make a finding on the record as to whether the noncustodial parent committed domestic abuse. Without the guidance of such a finding, this Court cannot determine if the Custody and Domestic or Family Abuse Act, § 30-3-130 et seq., was properly applied, and, thus, cannot adequately review the judgment of the trial court. Therefore, I dissent.
The majority contends that the trial court's failure to make a finding of whether domestic abuse occurred was harmless error. I disagree. A child-custody order entered in a divorce case is never absolutely final; although it is "final" with respect to the particular facts currently before the court, it is subject to modification, if the facts should change, at any time until the child reaches the age of majority. Self v. Fugard, 518 So.2d 727 (Ala.Civ.App.1987). A noncustodial parent may seek a change of custody by showing that he or she is fit to have custody and that the change would materially promote the child's best interest. Ex parte McLendon, 455 So.2d 863 (Ala.1984). Although the trial court's failure to address the mother's allegations of abuse against the father might appear to be harmless now, what if the father decides to seek a modification of custody? Predivorce allegations of abuse might not be allowed into evidence at that time. Cf. T.G.S. v. D.L.S., 608 So.2d 743 (Ala.Civ. App.1992) (trial court is given wide discretion in ruling on admissibility of evidence, and predivorce allegations were not allowed at custody-modification proceeding where those issues had been presented to the trial court in the original divorce proceeding).
As to the majority's assertion that the mother would benefit from this court's requiring the trial court to make a finding whether there had been abuse in this case, I agree. However, the ultimate beneficiaries would be the children. It is this court's duty to enforce § 30-3-130 et seq. and the legislature's mandate that courts and agencies work toward ensuring a safe and stable home environment. Without the trial court's finding, this court is unable to determine whether the visitation order entered in this case complied with § 30-3-135, which provides that a court may award visitation by a parent who committed domestic abuse or family violence only if the court finds that adequate provision can be made for the safety of the children and the parent who is a victim of domestic abuse or family violence.