Pamela Sue Howard sued Joseph Edward Howard for a divorce in May 1999. The trial court divorced the parties and, among other things, awarded the mother sole physical custody of the children. The father appeals, arguing that the trial court abused its discretion by awarding the mother sole physical custody of the children and that the trial court erred by not making a written finding as to whether domestic abuse had occurred.
In child-custody cases, the trial court's judgment is presumed correct and will not be reversed absent a plain and palpable abuse of discretion. Ex parte Jones, 620 So.2d 4 (Ala. 1992). The primary consideration in determining custody issues is the best interests and welfare of *Page 374 
the children. Brown v. Brown, 602 So.2d 429 (Ala.Civ.App. 1992). The trial court considers several factors, including the age and needs of the children, and each parent's ability to provide for those needs.Id.
After reviewing the record, we conclude that the trial court did not abuse its discretion by awarding sole physical custody to the mother. The record contains evidence indicating that the father committed abuse upon the mother and the children. See Ala. Code 1975, § 30-3-133
(providing a rebuttable presumption that it is in the best interests of children not to be placed in the physical custody of a perpetrator of domestic abuse). The record also contains evidence indicating that the mother is much more attentive to the children's needs and has been more consistent in meeting their needs than the father has been.
The father also argues that the trial court erred by not making a written finding as to whether domestic abuse had occurred. The father argues that the trial court's failure to make such a finding conflicts with the Custody and Domestic or Family Abuse Act (the "Act"), Ala. Code 1975, § 30-3-130 et seq. We conclude that the absence of such a finding is at most harmless error in this case.
This court has remanded causes to the trial court where the trial court awarded custody to the parent who is alleged to have committed abuse and where the trial court has not expressly applied the Act. Ray v. Ray,782 So.2d 797 (Ala.Civ.App. 2000); M.J.Y. v. J.S.Y., 758 So.2d 571
(Ala.Civ.App. 1999); Davis v. Davis, 743 So.2d 486 (Ala.Civ.App. 1999);Fesmire v. Fesmire, 738 So.2d 1284 (Ala.Civ.App. 1999); Dorn v. Dorn,724 So.2d 554 (Ala.Civ.App. 1998); Harbert v. Harbert, 721 So.2d 224
(Ala.Civ.App. 1998); Jackson v. Jackson, 709 So.2d 46 (Ala.Civ.App. 1997).
In those cases, this court was alerted that the trial court might have erred by improperly applying, or by not applying, the rebuttable presumption of § 30-3-133. That rebuttable presumption is that it is in the best interests of children not to be placed in the custody of a perpetrator of abuse. The record in this case contains no allegations that the mother has committed abuse. Because the record contains only allegations that the father, who was not awarded physical custody, is a perpetrator of abuse, this court is not alerted to any prejudicial error by the trial court's not applying the rebuttable presumption of §30-3-133.
Judge Yates in her dissent appears to argue that the trial court's failure to make a written finding as to whether domestic abuse had occurred may adversely affect the mother's arguments if the father later files a petition to modify custody. While we recognize the implications of Judge Yates's arguments, we conclude that her arguments show prejudice to the mother, who is not the appellant or cross-appellant in this case. We will not reverse for error not argued by an appellant or cross-appellant who will suffer prejudice. See Rule 4(a)(2), Ala.R.App.P. (providing the procedure for an appellee to cross-appeal);Metro Bank v. Henderson's Builders Supply Co., 613 So.2d 339 (Ala. 1993) (holding that the court will not address arguments made by an appellee who did not cross-appeal); and Robicheaux v. Robicheaux, 731 So.2d 1222
(Ala.Civ.App. 1998) (accord).
Therefore, the trial court's judgment is affirmed.
The appellee's request for an attorney fee on appeal is denied.
AFFIRMED. *Page 375 
Pittman and Murdock, JJ., concur.
Thompson, J., concurs in the result.
Yates, P.J., dissents.