MURDOCK, Judge.
Sheila J. King (“the mother”) appeals from an amended judgment of the Marshall County Circuit Court awarding custody of the parties’ minor child to Billy King (“the father”).
The parties were married on October 19, 1989. One child, a daughter, was born of the marriage, on February 11, 1992. On October 30,1998, the wife filed a complaint for divorce, seeking custody of the minor child. Along with the complaint, the mother filed an affidavit in which she alleged that the father had verbally abused her and that he had an alcohol-abuse problem. The court awarded temporary custody of the child to the mother. On December 16, 1998, the father filed a motion for an emergency custody order and filed an affidavit alleging that the mother had abused alcohol while the minor child was in her care; that the mother had operated a motor vehicle while under the influence of alcohol, with the minor child in the vehicle; that she had allowed an unmarried man and his son to move in with her and the minor child; that she had denied the father visitation and telephone communication with the child; and that the conduct and behavior of the mother had endangered the child. The court denied the motion, stating that the father had failed to prove the allegations contained in the motion. Following an ore tenus proceeding, the trial court entered a judgment divorcing the parties and ordering that custody of the minor child remain with the mother.
Two days after the divorce judgment was entered, the father filed a motion to alter, amend, or vacate the judgment, alleging that the mother had deceived the court when she withdrew $36,249.76, the balance available for withdrawal on the parties’ home-equity-loan line of credit, 11 days before trial without informing the father or the trial court of her actions. The father requested that the court place custody of the minor child with him. On April 5, 2000, the court ordered the mother to deliver the funds that she had withdrawn to the clerk of the court. The trial court entered an interim order on April 26, 2000, directing that temporary custody of the child be placed with the father immediately. A hearing on the father’s post-■judgment motion was held the next day, at which time the mother deposited $18,200 with the clerk of the court. The mother testified at the postjudgment hearing that she had spent the remaining funds; however, she deposited an additional $18,049.79 with the court the next day. The trial court entered an amended judgment on May 4, 2000, finding that the mother had “falsely testified about her financial condition,” that she had “concealed that she was in possession of [the $36,-249.79],” and that the mother’s actions “evidence[d] a moral corruptness on the part of the [mother] and mandate[d] against her having the custody and control of the minor child of the parties,” and stating that the court disbelieved “much of the [mother’s] former testimony upon which it [had] based its previous judgment.”
The mother appeals, arguing (1) that the trial court erred in granting the father’s postjudgment motion, and (2) that the trial court erred in not applying the provisions of the Custody and Domestic or Family Abuse Act as codified in § 30-3-130 et seq., Ala.Code 1975.
Each party testified that the other had abused alcohol. In his affidavit, the father testified that the mother had endangered the child by driving under the influence of alcohol with the child in the car. The mother testified that the father had physically abused her; she testified that he had struck her on her head before the parties were married, that he had slung her across the room when she was three months’ *1167 pregnant, and that he had grabbed her by her hair on several occasions.
The evidence also reveals that the father had purchased the parties’ marital residence several years before the parties were married. The father testified at trial that the parties had a home-equity-loan line of credit with SouthTrust Bank of approximately $51,000 and that the balance owed on the line of credit was between $10,000 and $12,000. At the post-judgment hearing, the father stated that when he testified at the divorce trial, he had not known that the mother had withdrawn the available funds from the line of credit.
In Davis v. Davis, 743 So.2d 486 (Ala.Civ.App.1999), this court held:
“ ‘To make certain that the trial courts of this state exercise “scrupulous care” toward the children they are entrusted to protect, we hold that, in cases involving allegations of domestic or family abuse, the trial court must, on the basis of the evidence presented, make a finding on the record as to whether domestic abuse occurred and then, if necessary, it must apply the remaining provisions of the Custody and Domestic or Family Abuse Act. [§ 30-3-130 et seq., Ala.Code 1975].’ ”
743 So.2d at 487 (quoting Fesmire v. Fesmire, 738 So.2d 1284, 1288 (Ala.Civ.App.1999)).
Although the mother testified that she had been physically abused by the father, the trial court made no express finding as to whether domestic abuse had, in fact, occurred. Therefore, we reverse the judgment of the trial court and remand the cause for the trial court to determine whether the father was a perpetrator of domestic violence, and to apply the remaining provisions of the Custody and Domestic or Family Abuse Act as warranted by its findings. Fesmire and Davis, supra.
Because we are reversing and remanding for further proceedings pursuant to Fesmire and Davis, we will not address the mother’s contention that the trial court erred in granting the father’s post-judgment motion.
The mother’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.