CRAWLEY, Judge.
In August 1999, after seven years of marriage, Anita Charlene Moore sued Leonard Steven Moore for a divorce, alleging incompatibility and requesting, along with a divorce, periodic alimony, custody of their two children, child support, a division of marital property, and an award of attorney fees. The husband answered; he counterclaimed for a divorce, also alleging incompatibility and requesting custody of the children, child support, a division of marital property, and an award of attorney fees. After conducting an ore tenus trial, the court divorced the parties and, among other things, awarded the wife custody of the children; awarded her $700 monthly in child support, and ordered the husband to pay over $5,000 for the wife’s attorney fees. The husband filed a postjudgment motion, which the trial court denied.
The husband appeals, arguing (1) that the trial court erred by awarding custody of the children to the wife; (2) that the court incorrectly calculated his child-support obligation; and (3) that the court gave the wife an excessive attorney-fee award.
We first address the husband’s argument regarding child custody. Our supreme court has stated:
“[W]here evidence is presented ore ten-us, a child custody determination is committed to the sound discretion of the trial court, and [that determination] will not be reversed on appeal absent a finding that the determination is so poorly supported by the evidence as to be plainly and palpably wrong. This standard recognizes the trial court’s unique position to observe the parties and to hear their testimony.”
Ex parte Walters, 580 So.2d 1352; 1353 (Ala.1991) (citations omitted).
The primary consideration in determining custody is the best interests and welfare of the children. Brown v. Brown, 602 So.2d 429 (Ala.Civ.App.1992). The trial court considers several factors, including the age and needs of the children and each parent’s ability to provide for those needs. Id. After reviewing the evidence in the record, we conclude that the trial court did not abuse its discretion by awarding custody of the children to the wife. The evidence indicates that either parent would have been a suitable custodian of the children and that each parent is quite capable of caring for the children. Therefore, we affirm the custody award.
The husband presented evidence indicating that the wife had on a particular occasion exercised excessive discipline on his son (the wife’s stepson) who had lived with them. The wife denied that the event ever occurred. The trial court acknowledged the line of cases interpreting the Custody and Domestic or Family Abuse Act, § 30-3-130 et seq., which provides a rebuttable presumption that the perpetrator of domestic violence should not be awarded custody. See Ray v. Ray, 782 So.2d 797 (Ala.Civ.App.2000); M.J.Y. v. J.S.Y., 758 So.2d 571 (Ala.Civ.App.1999); Davis v. Davis, 743 So.2d 486 (Ala.Civ.App.1999); Fesmire v. Fesmire, 738 So.2d 1284 (Ala.Civ.App.1999); Dorn v. Dorn, 724 So.2d 554 (Ala.Civ.App.1998); Harbert v. Harbert, 721 So.2d 224 (Ala.Civ.App.1998); and Jackson v. Jackson, 709 So.2d 46 (Ala.Civ.App.1997). The trial court stated in its judgment that it did not believe the wife ever committed abuse against her stepson. The husband does not argue that the trial court misapplied the Act, and we conclude that the trial court merely resolved the conflicting evidence before it regarding an allegation of domestic abuse.
The husband next argues that the trial court erred in calculating his child-support obligation. He argues that the record does not contain all of the child-support calculation forms mandated by *738 Rule 32(E), Ala.R.Jud.Admin. We agree. Rule 32(E) states:
“A standardized Child Support Guidelines form [CS^42 form] and a Child Support Obligation Income Statement/Affidavit [CS-41 form] shall be filed in each action to establish or modify child support obligations and shall be of record and shall be deemed to be incorporated by reference in the court’s child support order.”
The record contains only a CS-42 form signed by the wife’s attorney. It contains no CS-41 form for either party, no CS-42 form for the husband, and no CS-42 form completed by the trial court. Therefore, we remand this cause for the trial court to include all of these forms in the record, and to calculate the child-support amount on the basis of those forms. See K.H.L. v. K.G.M., 782 So.2d 804 (Ala.Civ.App.2000); Cantrell v. Cantrell, 773 So.2d 487 (Ala.Civ.App.2000); M.P. v. S.J., 772 So.2d 477 (Ala.Civ.App.2000); State ex rel. Dunnavant v. Dunnavant, 668 So.2d 851 (Ala.Civ.App.1995); and Martin v. Martin, 637 So.2d 901 (Ala.Civ.App.1994).
Last, the husband argues that the trial court erred by ordering him to pay over $5,000 for the wife’s attorney fees. A trial court’s award of attorney fees is presumed correct and will not be reversed absent a showing of an abuse of discretion. Hewitt v. Hewitt, 285 Ala. 516, 234 So.2d 283 (1970). See also Ex parte James, 764 So.2d 557 (Ala.1999). The wife’s attorney submitted a detailed statement regarding the $5,053.30 incurred by the wife in prosecuting the divorce action. Given the detailed statement of the wife’s litigation expenses and the trial court’s “own knowledge and experience as to the value of the legal services performed,” Hammond v. Hammond, 500 So.2d 27, 29 (Ala.Civ.App.1986), we conclude that the trial court did not abuse its discretion in ordering the husband to pay the wife’s attorney fees or in determining the amount he was to pay.
Therefore, those portions of the trial court’s judgment regarding custody and the attorney fee are affirmed. That portion setting the amount of child support is reversed. The cause is remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.