Melissa Wadley Jordan ("the wife") appeals from a judgment entered by the Morgan County Circuit Court that, among other things, divorced her from Anthony Deon Jordan ("the husband").
The husband filed a complaint seeking a divorce based on incompatibility. The complaint further requested the trial court to award him temporary custody of the parties' two minor children and to enter a temporary restraining order enjoining the wife from harassing or assaulting the husband and the minor children. The trial court entered a pendente lite order enjoining both parties from harassing, threatening, or intimidating each other and awarding temporary custody of the children to the husband. In the wife's answer, she admitted that the parties were incompatible, but alleged that the husband had caused their incompatibility by conducting adulterous relationships. Following an ore tenus proceeding, the trial court entered a judgment on May 8, 2000, divorcing the parties, based on incompatibility of temperament, and awarding the parties joint custody of the minor children, with the husband having primary physical custody. *Page 240 
The wife appeals, contending that the trial court erred in failing to base the divorce on the ground of adultery; in awarding primary physical custody of the minor children to the husband, in light of the evidence of his adultery; and in failing to make express findings of fact concerning whether domestic abuse had occurred during the marriage.
The parties were married on March 27, 1991. Two daughters were born of the marriage; at the time of the trial they were 5 and 6 years of age. Both parties testified that they had separated several times during the course of the marriage and that their last separation had occurred in December 1997. The parties had not lived together since that time. The wife had custody of the children after their last separation until July 21, 1999, when the trial court placed temporary custody of the children with the husband in May 1999.
Each party testified that the other party had committed adultery. The husband admitted that he had had two affairs during the course of the marriage and that a daughter had been born from the first affair. The husband testified that the wife had told him that she had fallen in love with another man and that she had committed adultery with that man; the wife denied the allegation.
Both parties also testified that the other party had been physically abusive during the marriage. The wife testified that the husband had slammed her head into a door in 1994, causing her to receive stitches at a local hospital, and that he had broken her nose in 1997 by throwing a videotape at her. The wife further testified that the husband had struck her in her back while she was pregnant and that he had physically abused their two children.
The husband testified that he had telephoned the police on several occasions complaining that the wife was behaving violently. He testified that in 1995 the wife had tried to shoot him. He also testified that in 1998, after the parties had separated, the wife came to his home and physically destroyed all of their marital property. Pictures of the physical damage caused by the wife were admitted into evidence. The husband further testified that the wife had harassed him and had threatened to kill him and his girlfriend. The husband filed a police report against the wife for harassing communications, on January 5, 2000; the report was admitted into evidence.
With respect to the wife's argument that the trial court erred in failing to specify that its judgment was based on adultery on the part of the husband, we note that such a specification is not required where the court entering a divorce judgment has properly considered evidence of adulterous conduct. A trial judge does not have to grant a divorce on the grounds of adultery or to divide the property in light of one party's adultery unless the failure to do so would be palpably wrong. Ex parteO'Daniel, 515 So.2d 1250, 1253 (Ala. 1987). See also Martin v. Martin,623 So.2d 1167 (Ala.Civ.App. 1993). Under the circumstances of this case, we are not persuaded that the trial court committed palpable error in refusing to base the divorce on the ground of adultery.
With respect to the wife's argument that the evidence of adultery by the husband requires this court to reverse the trial court's award of primary physical custody to the husband, we first note the presumption of correctness accorded to the trial court:
 "The law regarding child custody determinations is well settled. Matters of child custody lie within the discretion of the trial court, and the child's welfare and best interest [are] always the paramount *Page 241 
consideration[s]. Martin v. Martin, 623 So.2d 1167
(Ala.Civ.App. 1993). When a custody judgment follows the presentation of ore tenus evidence, a presumption of correctness automatically attaches to the judgment, and it will be affirmed if it is supported by competent evidence unless it is shown to be palpably wrong. Matter of Young, 456 So.2d 823
(Ala.Civ.App. 1984). The ore tenus rule is based, in part, on the unique position of the trial court to personally observe the parties and witnesses and to hear the evidence; additionally, `the perception of an attentive trial judge is of great importance,' particularly in child custody cases. Williams v. Williams, 402 So.2d 1029, 1032 (Ala.Civ.App. 1981)."
Hodge v. Hovey, 679 So.2d 1145, 1148 (Ala.Civ.App. 1996). See also Exparte Patronas, 693 So.2d 473 (Ala. 1997); Ex parte Bryowsky, 676 So.2d 1322
(Ala. 1996).
The trial court's judgment in this case shows that the trial court carefully and thoroughly considered the welfare of the children in making the award of custody. There was evidence that both parties had engaged in adulterous relationships. In addition to the deference this court must accord the perception of the trial court, Hodge, supra, this court has held that a court must consider evidence of indiscretion or immorality when it is determining custody, but that that evidence does not require an award to the party presenting it, if the court properly considers the best interests of the children. Murphy v. Murphy, 670 So.2d 48
(Ala.Civ.App. 1994); Alexander v. Alexander, 625 So.2d 433 (Ala.Civ.App. 1993); and Braswell v. Braswell, 460 So.2d 1339 (Ala.Civ.App. 1984). Under the particular circumstances of this case, we conclude that the evidence in this case of adulterous relationships does not, by itself, mandate that the court award primary physical custody to the wife.
The wife also argues that the trial court erred by failing to make an express finding as to whether domestic abuse had occurred, citing Fesmirev. Fesmire, 738 So.2d 1284 (Ala.Civ.App. 1999).
In Fesmire this court held:
 "To make certain that the trial courts of this state exercise `scrupulous care' toward the children they are entrusted to protect, we hold that, in cases involving allegations of domestic or family abuse, the trial court must, on the basis of the evidence presented, make a finding on the record as to whether domestic abuse occurred and then, if necessary, it must apply the remaining provisions of the Custody and Domestic or Family Abuse Act[, § 30-3-130 et seq., Ala. Code 1975]."
Fesmire at 1288. See also Davis v. Davis, 743 So.2d 486 (Ala.Civ.App. 1999).
The trial court did not make a finding on the record as to whether domestic abuse had occurred. Therefore, we must reverse the court's custody order and remand the cause for the trial court to determine whether domestic violence had occurred and to apply the remaining provisions of the Custody and Domestic or Family Abuse Act as warranted by its findings. Fesmire and Davis, supra.
That portion of the judgment relating to the custody of the children is reversed; otherwise the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Yates, P.J., and Crawley and Pittman, JJ., concur.
Thompson, J., concurs in the result. *Page 242