This court has upheld geographical restrictions in cases in which the trial court determined that the restriction served the child or children's best interests. Pointer v. Bell,719 So.2d 222 (Ala.Civ.App. 1998); McDaniel v. McDaniel, 621 So.2d 1328
(Ala.Civ.App. 1993).
In McDaniel v. McDaniel, 621 So.2d at 1330, in upholding the geographical restriction, this court noted that "[t]here is no wider area for the exercise of judicial discretion than that of providing for and protecting the best interests of children." The court also noted that the trial court had received ore tenus evidence and that there was "no material abuse of discretion" that would necessitate the reversal of the court's judgment based on that evidence. Id.
In Pointer v. Bell, supra, this court stated that because the trial court had received ore tenus evidence, its judgment was entitled to a presumption of correctness and could not be reversed unless it was plainly and palpably wrong. The court further stated:
 "The trial court was required to consider whether the territorial restriction was in the best interests of these children at this time. See McDaniel, 621 So.2d at 1330. `The best interest standard affords freedom for the trial court to consider numerous and varied factors. . . . [T]here are no specific rules or guidelines that will control every case.' Hodge v. Hovey, 679 So.2d 1145, 1148 (Ala.Civ.App. 1996). Here, the trial court found that the territorial restriction still served the children's best interests at this time. We cannot disagree, and, even if we did, we could not substitute our judgment for that of the trial court, which heard the evidence and observed the witnesses. Hodge, 679 So.2d at 1148."
Pointer v. Bell, 719 So.2d at 224.
In this case, the trial court did not specifically find that the geographical restriction continued to serve the child's best interests. However, this court must presume that the trial court made those findings necessary to support its judgment. Ex parteFann, 810 So.2d 631 (Ala. 2001); Ex parte Bryowsky,676 So.2d 1322 (Ala. 1996). I believe that the main opinion has impermissibly substituted its own judgment for that of the trial court. Given the facts of this case, I cannot agree with the main opinion that the trial court was "plainly and palpably wrong" in refusing to modify the geographical restriction. See McDaniel v.McDaniel, 621 So.2d at 1330.