I write specially to note that the evidence presented to the trial court in this case exemplifies the need to revisit the rationale behind this court's holding in Fesmire v.Fesmire, 738 So.2d 1284 (Ala.Civ.App. 1999). InFesmire, both the mother and the father made allegations of domestic abuse against the other. The trial court, without making express findings regarding the allegations of abuse, awarded custody of the child to the father. The mother appealed to this court, arguing that the trial court had erred by failing to apply provisions of the Custody and Domestic or Family Abuse Act, § 30-3-130 et seq., Ala. Code 1975 ("the Act"). The Act provides:
 "In every proceeding where there is at issue a dispute as to the custody of a child, a determination by the court that domestic or family violence has occurred raises a rebuttable presumption by the court that it is detrimental to the child and not in the best interest of the child to be placed in the sole custody, joint legal custody, or joint physical custody with the perpetrator of domestic or family violence. Notwithstanding the provisions regarding rebuttable presumption, the judge must also take into account what, if any, impact the domestic violence had on the child."
§ 30-3-131, Ala. Code 1975.
In a proceeding in which custody is at issue and in which the trial court has made a finding of domestic or family violence, the trial court must consider "[t]he safety and well-being of the child and of the parent who is the victim of family or domestic violence" and "[t]he perpetrator's history of causing physical harm, bodily injury, assault, or causing reasonable fear of physical harm, bodily injury, or assault, to another person." § 30-3-132(a)(1) and (2), Ala. Code 1975. Domestic abuse is defined in the Act as "an incident resulting in the abuse, stalking, assault, harassment, or the attempt or threats thereof." §30-3-130, Ala. Code 1975. The Act applies "[i]n every proceeding where there is at issue a dispute as to the custody of a child." § 30-3-131, Ala. Code 1975.
This court in Fesmire determined that, although the Act does not mandate that the trial court make findings regarding the allegations of abuse, in the absence of express findings by the trial court concerning those allegations, an appellate court will be unable to ascertain whether the trial court applied the Custody and Domestic or Family Abuse Act.738 So.2d at 1285-86. As a result, the court, recognizing the heavy burden placed on the trial courts of this state to guard and protect the interests of children and the necessity to exercise "scrupulous care" in so doing, held that,
 "in cases involving allegations of domestic or family abuse, the trial court must, on the basis of the evidence presented, make a finding on the record as to whether domestic abuse occurred and then, if necessary, it must apply the *Page 925 
remaining provisions of the Custody and Domestic or Family Abuse Act."
Fesmire, 738 So.2d at 1288.
The evidence presented to the trial court in the present case indicates that the husband has committed acts of domestic violence. Three witnesses testified on behalf of the wife that they had witnessed the husband's violent behavior. A neighbor testified that he witnessed the husband knock the wife onto the ground, slap one of the wife's children, and punch a puppy in the face. The husband's former girlfriend testified that the husband had physically abused her on numerous occasions and had struck their child, who was then six months old, in the mouth. Finally, the wife's mother testified that she had witnessed the husband physically abuse the wife many times and commit acts of animal cruelty. The judgment of the trial court, which awarded custody of the parties' child to the husband, merely noted evidence of a "skirmish" between the parties. Given the evidence presented at trial and the trial court's judgment, it is difficult to ascertain whether the trial court believed that the alleged abuse had occurred or whether or not the trial court considered the alleged abuse when deciding the custody issue.
The need to guard and protect a child's interests against perpetrators of domestic abuse has not changed since the enactment of the Act. Each year, in the United States, an estimated 3.3 million children are exposed to violence by family members against their mothers and female caretakers. American Psychological Ass'n, Violence and the Family: Report of the American Psychological Association Presidential Task Force on Violence and Family 11 (1996). Children who live with domestic violence face increased risks that include exposure to traumatic events, neglect, direct abuse, and the loss of one or both parents. National Adoption Information Clearinghouse, Children and Domestic Violence: A Bulletin for Professionals.[1] The risks associated with exposure to domestic violence may affect a child's well-being, safety, and stability. Id. In homes where domestic violence occurs, children are 15 times more likely to be abused. Domestic Violence Statistics — Children and Teens.[2]
The growing number of incidents of domestic violence and the potential effect that those incidents have on children require aggressive action on the part of the judiciary in this State. In order to guarantee the exercise of "scrupulous care" by our trial courts, it is necessary to ensure compliance with the Act. While I recognize that Fesmire was overruled by our supreme court in Ex parte Farm, 810 So.2d 631
(Ala. 2001), and that this court is bound by that precedent, I invite our supreme court to reconsider its holding inFarm and require express findings by the trial courts in cases in which allegations of domestic abuse are made. In my opinion, this is the only way to accomplish meaningful appellate review of decisions regarding domestic-abuse allegations and to assure that the Act is being applied in all cases.
[1] On January 20, 2006, the date this opinion was released, this statistic could be found at:http://nccanch.acf.hhs.gov/pubs/factsheets/domesticviolence.cfm (a copy of which is available in the case file of the clerk of the Court of Civil Appeals).
[2] On January 20, 2006, the date this opinion was released, this statistic could be found at:http://womensissues.about.com/od/domesticviolencelaldvstats4.htm (a copy of which is available in the case file of the clerk of the Court of Civil Appeals).